PALMER *vs.* HASKINS.

In an action for slander, or libel, the pecuniary circumstances of the defendant are not involved in the issue, and evidence showing him to be rich or poor ought not to be received.

THIS was an action for slander. The plaintiff gave evidence having a tendency to prove the cause of action, and then, for the purpose of showing the defendant's pecuniary ability to respond in damages, introduced evidence, under ob-

jection and exception, tending to prove the pecuniary circumstances of the defendant. There was a verdict for the plaintiff.

*Wakeman & Bryan,* for the plaintiff.

*Kimberly & Tyrrel,* for the defendant.

*By the Court,* MARVIN, J. This action was tried before me. I have long entertained serious doubts whether in an action for libel, slander or assault and battery, evidence of the wealth of the defendant was admissible, upon the question of damages. I had occasion several years ago, in *Blacksmith* v. *Fellows,* an action for an assault, to examine the question whether the evidence was admissible in such an action; and I came to the conclusion that it was not; and also that it was not admissible in actions to recover damages for libel or slander. *Blacksmith* v. *Fellows* presented other questions, upon which a new trial was granted, at a general term; my brethren expressing no opinion upon the question whether the admission of evidence of the wealth of Fellows was error. It was stated at the circuit, upon the trial of this cause, by the counsel, Mr. Martindale, that it was the practice, at the circuit, to admit evidence of the wealth of the defendant, in actions for libel and slander; and that such evidence had recently been admitted in the 7th district, after full argument. I permitted the evidence to be given. The question has now been fully and ably argued at the general term, and it has been carefully examined. In my opinion the pecuniary circumstances of the defendant, in an action for slander, or libel, are not involved in the issue, and evidence to show him rich or poor ought not to be received.

It cannot be necessary to state the general rules relating to damages in this class of cases—that the plaintiff is entitled to recover all the damages he has sustained, whether the defendant be rich or poor; that the amount of damages is in the sound discretion of the jury; and that they may give exemplary or vindictive damages, &c. The counsel for the plain-

tiff has furnished an able brief, arguing at length that evidence of the wealth of the defendant is admissible, as some guide to a jury, in case they should conclude to give exemplary or vindictive damages. It is often argued that a small verdict will be no punishment to a man of wealth. This may or may not be so. Men of wealth are quite apt to value and appreciate property as highly as those in moderate circumstances. Such an argument is, in my opinion, speculation; and it will be dangerous to instruct a jury that they may measure the verdict by the ability to pay. The plaintiff is, I think, without authority in support of this position. None is produced from a court in bank in this state, and *Bennett* v. *Hyde*, (6 *Conn. Rep.* 24,) is not authority for the position, when properly understood. It is there said that it had been frequently adjudged, in that state, and that it might be considered as established law, that the plaintiff, in an action for slander, may prove the amount of the defendant's property, to aggravate the plaintiff's damages. That great wealth is generally attended with corresponding influence; and little influence is the usual concomitant of little property. That property may be, and often is, attended with the power of perpetuating great damage, and in the estimate of a jury becomes an interesting inquiry.

As I understand the learned judge, the question, so far as principle is concerned, hinges upon the assumption that wealth influences the rank in society of its possessor, and that the slander of a man of rank and influence is more injurious than the slander of one of less influence. It may be admitted that the slander of a man of high character and influence would be more destructive to the character of the party slandered than the slander of one without character and influence. Hence the character and standing in society of the defendant have long been admitted in evidence in this class of cases. But I am not satisfied that wealth is a necessary ingredient to constitute character, standing and influence in society. It may form an element in fixing character and influence, but not ne-

Palmer *v.* Haskins.

cessarily. Why not limit the inquiry, then, to the question what are the character, standing and influence of the defendant in the society where the slander was uttered? I object to proving, as a separate item, that the defendant is a man of wealth, or great wealth, or how much he is worth. If the evidence is admitted simply for the purpose of showing the *influence* of the defendant, and hence the extent of injury to the plaintiff, it should be confined to the *time* when the slander was uttered. The defendant may, at that time, have been poor, and at the time of the trial rich, or *e converso.*

As I understand *Bennett* v. *Hyde*—and so I think, Mr. Greenleaf understood it—the evidence is admissible only for the purpose of ascertaining the defendant's rank and influence in society, and as a consequence, the extent of the injury to the plaintiff. The evidence is not admissible for the purpose of showing the ability of the defendant to pay, or for the purpose of assisting the jury in measuring out exemplary or vindictive damages; but it was admitted in Connecticut solely for the purpose of ascertaining the standing and influence of the plaintiff, with a view of enabling the jury to form some opinion as to the *actual damages* which the plaintiff had sustained. In the present case, the evidence was not offered or admitted for any such purpose, or with any such view. I am not, however, satisfied that such evidence, as a separate independent item, should be admitted for any purpose. Establish it as a rule, that the plaintiff may, in this action, prove the wealth of the defendant as an independent item of evidence in the cause, and such evidence will be used for quite a different purpose than simply to ascertain how much injury the plaintiff actually sustained in consequence of the character, standing and influence of the defendant, and juries will be invited and eloquently urged to punish the defendant by a large verdict which he can so easily pay.

*Greenleaf,* in his *Evidence,* (*vol.* 2, § 249,) says, as the result of the cases: "The jury are to inquire, not what the defendant can pay, but what the plaintiff ought to recover. But

OASES IN THE SUPREME COURT.

so far as the defendant's rank and influence in society and therefore the extent of the injury, are increased by his wealth, evidence of the fact is pertinent to the issue." He cites *Bennett* v. *Hyde,* and many other cases. I have looked into most of them. In two or three of them something is said of the reputed wealth of the defendant, in connection with his standing and influence in society. But it does not appear whether direct evidence of the wealth of the defendant was offered and given; or that any question was raised, touching such evidence.

In *Bennett* v. *Hyde,* Ch. J. Hosmer cites *Larned* v. *Buffington,* (3 *Mass. Rep.* 546,) as containing the same rule established in Connecticut. In that case the defendant proposed to prove, in mitigation of damages, the manner and condition of the plaintiff's life. The court say, "we are of the opinion that the plaintiff may give in evidence, to aggravate the damages, his own rank and condition in life, and also that the defendant may avail himself of such evidence, when it will have a legal tendency to mitigate the damages; because the injury which the plaintiff may sustain by the defamation may very much depend on his rank and condition in society." This is the rule referred to. It is, then, the rank and condition of life of both the parties that may be given in evidence, "because" in the further language of the court, "it is in issue, as the knowledge of it may be necessary to a just assessment of the damages, and because it is a fact, in its nature, of general notoriety." These extracts from the case referred to by Justice Hosmer, show what evidence may be given, and it is evidence of the rank, character and condition in life of the parties. And putting Greenleaf's construction upon the cases, including *Bennett* v. *Hyde,* "so far as the defendant's rank and influence in society, and therefore the extent of the injuries, are increased by his wealth, evidence of the fact is pertinent to the issue." My object has been to ascertain the extent and reason of the rule in *Bennett* v. *Hyde,* and also the authorities upon which it rests. And I find no adjudication, where the question has been distinctly raised, holding that the wealth

Palmer *v.* Haskins.

of the defendant may be proved as an item to show his character, standing and influence in society.

That the general standing in society of either of the parties may be proved, I have no doubt. But I do not think that it is necessary or proper to prove to the jury the wealth or poverty of either of the parties. It is a question with which they have nothing so do, in estimating the damages. A plaintiff who has suffered from the slander of another is entitled, by way of damages, to full compensation for all the injury he has sustained, whether the defendant is rich or poor, and the jury may, if they think proper, add something by way of example.

It will be proper to refer to one or two of our own cases, not, I concede, in point in this case, but bearing upon the question I am discussing. In *Dain* v. *Wycoff*, (3 *Seld.* 191,) the action was for seduction. The plaintiff was permitted to prove that the defendant was a wealthy man. Judge Gardiner says: "The custom, at the circuit, has been to admit evidence of this character, but I have not been able to discover, in the elementary writers on evidence, authority for the practice." The case was decided on other grounds, and the other judges gave no opinion upon this question. In *Jones* v. *Buddington*, (4 *C. & P.* 589,) Alderson, B. says: "The plaintiff is entitled to as much damages as a jury think is a compensation for the injury he has sustained, and the amount of the defendant's property is not a question in the case." These were actions for seduction, and it may be said, are not applicable to a case of slander. I think they are, in principle, in point, provided the amount of the verdict is to be affected by the wealth of the defendant; but if the wealth of the defendant is shown simply as some evidence tending to show his rank, standing and influence in society, then I concede they are not in point. (*See also* 4 *Hill*, 292 ; 4 *Denio*, 461.)

The decision at the circuit was erroneous, and the judgment must be reversed.

[ORLEANS GENERAL TERM, September 13, 1858. *Grover, Marvin* and *Davis*, Justices.]