## ALFRED STANWOOD vs. AMHERST WHITMORE.

*Defendant's wealth—how proved in an action for slander.*

In an action of slander, evidence as to the reputation of the defendant for wealth is admissible; but it seems it should be proved by general reputation, rather than by particular facts.

ON EXCEPTIONS.

In this action, for slander in falsely charging plaintiff with forgery, the defendant excepts to a ruling, made in the superior court, requiring him to answer an inquiry as to his wealth, which the justice told the jury they might consider.

*J. H. Drummond* and *S. C. Strout*, for the defendant.

*Bradbury & Bradbury* and *T. M. Giveen*, for the plaintiff.

PETERS, J. The question raised here is settled in *Humphries* v. *Parker*, 52 Maine, 502. It was there decided that evidence such as was admitted here could be weighed by a jury. It is therefore proper to receive it.

We think, however, that the wealth of a defendant should be proved by general evidence rather than by particular facts. It is the defendant's position in society which gives his slanderous statements character and weight. Reputation for wealth, rather than its possession, generally confers position. Therefore the more proper inquiry is as to the reputation of a defendant for wealth. Of course, a presiding justice would have considerable discretion as to the form of a question in such a case, to be exercised according to circumstances. Ingraham, J., in *Kniffen* v. *McConnell*, 30 N. Y., 289, says, "it may be objectionable to particularize the defendant's property, and such evidence should be confined to general reputation as to the circumstances of the defendant."

The form of the inquiry in this case was not objected to; the objection was rather to the kind of evidence offered.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.