## NEWMAN v. GODDARD.

*Jurisdiction — of action for personal injuries committed abroad — Trial — direction to jury to disregard incompetent evidence does not cure error in admitting it — Evidence — res gestæ — intent — Damages.*

The courts of this State have jurisdiction of actions for personal injuries committed abroad, where both or either of the parties are citizens of the United States. *De Witt* v. *Buchanan*, 54 Barb. 32, followed.

The error of admitting incompetent evidence is not cured by a direction to the jury to disregard it.

In an action for the wrongful ejection of plaintiff from a store owned by him in Arkansas, in 1861, and the conversion of the goods therein, plaintiff offered evidence to show that defendant afterward made threats of personal violence to plaintiff, and that goods of the kind in question at that place during the war, enhanced in value one to two hundred per cent in gold. *Held* inadmissible.

The evidence of the threats was not part of the *res gestæ*, and was incompetent even to show the *quo animo* of defendant's acts.

APPEAL by defendant from a judgment in favor of plaintiff upon the verdict of a jury, and from an order denying a new trial.

The action was brought by William M. Newman against George H. Goddard for trespass, and injuries done by defendant to plaintiff's person and property. The necessary facts appear sufficiently in the opinion.

*James C. Carter*, for appellant.

*Joseph Larocque*, for respondent.

LAWRENCE, J. The plaintiff alleges that the defendant with others, acting as a vigilance committee in the city of Camden, in Arkansas, on the 14th day of May, 1861, with force of arms, entered the store of the plaintiff and ejected him therefrom, and seized and carried away the stock of goods in the store with all the books, papers and private effects of the plaintiff, and converted and disposed of the same to their own use, and thereby broke up and destroyed the plaintiff's business; and damages are claimed for the injury resulting to the plaintiff.

On the trial it was contended by the counsel for the defendant: First, that this court has no jurisdiction, so far as the action is to be regarded as brought to recover for the personal injuries sustained by the plaintiff; and, Second, that the defendant having been subsequently discharged as a bankrupt, under the bankrupt law of the United States, such discharge is a bar to this action.

As I have come to the conclusion that a new trial must be granted upon two of the objections and exceptions taken by the defendant's counsel, it will be unnecessary to consider the effect of the discharge in bankruptcy, and as to the question of jurisdiction, the case of *De Witt* v. *Buchanan*, 54 Barb. 32, seem to be conclusive.

In that case, JAMES, J., denies the doctrine laid down by Chief Justice DALY, in *Moloney* v. *Dows*, 8 Abb. 316, and says: "It is now settled that the courts of this State will entertain jurisdiction of actions, for personal injuries committtted abroad, when both or either of the parties are citizens of the United States."

Upon the trial the plaintiff was allowed to testify under the objection and exception of the defendant's counsel, to threats made by the defendant of personal injury or violence to the plaintiff after the ejection of the plaintiff from his store, and after the seizure

and conversion of the plaintiff's goods. He was also permitted to testify, under like objection and exception, that the goods taken from his store before the close of the war enhanced in value from one to two hundred per cent in gold.

The justice before whom the cause was tried, in his charge to the jury, upon the request of the defendant's counsel, directed the jury not to take any of this evidence into consideration in fixing the amount of damages sustained by the plaintiff.

I think that the evidence was incompetent and that the subsequent direction to the jury to disregard it does not cure the error in first receiving it.

The threats made by the defendant after the trespass and wrongful acts averred in the complaint had occurred were not a part of the *res gestæ*, but threats to commit separate and independent torts. They constituted no part of the cause of action stated in the complaint, and as they were made after that cause of action had arisen, I do not see how such threats tended to show the animus of the defendant toward the plaintiff in committing the acts referred red to in the complaint.

The evidence as to the rise in the value of the goods seems to me to have been equally irrelevant and incompetent. It was assumed that the plaintiff would have remained in Camden throughout the war and that he would have continued to be the owner of the goods until the great increase in value had taken place.

The rule which should govern in this case is well stated by Judge GROVER, in *Erben* v. *Lorillard*, 19 N. Y. 302, 303. There the justice, in charging the jury, directed them to disregard certain evidence which he had admitted. Judge GROVER says:

"The plaintiff's counsel insists that this, if error, was cured by the charge when illegal evidence, properly excepted to, has been received during a trial, *it must be shown that the verdict was not affected by it or the judgment will be reversed.* If the evidence may have affected the verdict, the error cannot be disregarded. The rights of parties can only be preserved by adhering to this rule. It would be in vain to observe the rules prescribed by law to secure an impartial jury, if their minds are to be subjected to the influence of illegal evidence after they are impanneled. It does not follow that impressions thus obtained will have no effect, although the judge directs them to disregard the evidence." See also *Traver* v. *Eighth Avenue R. R. Co.*, 3 Keyes, 499.

·In this case it cannot be said that it appears that the evidence objected to did not affect the minds of the jury in· arriving at their verdict.    On the contrary, I think that it is quite apparent that the evidence may have affected and did affect their minds in reaching a conclusion.    The case is one which in its nature appeals very strongly to the sympathies and passions, and the evidence was calculated to inflame and excite the sympathies of the jury.    The verdict rendered was large in amount, and as the evidence may have enhanced the verdict, I do not think that we can disregard the error.    The judgment should be reversed, and a new trial ordered, with costs to abide the event.

*Judgment reversed and new trial ordered.*