WILLIAM H. ALLEN, Respondent, *against* EDWARD D. JAMES *et al.* Appellants.

(Decided February 5th, 1877.)

It is error to admit parol evidence of matters appearing of record to show that a title to land is defective, and in a case where the introduction of such evidence tends to discredit with the jury the testimony for the party objecting, such error is not cured by charging the jury to disregard such evidence.

Evidence that the title to land is defective, is not relevant in an action by a broker for services in procuring a purchaser for the land where the issue is whether or not the broker was employed, and where it is not disputed that the purchaser procured by the broker, entered into a contract for the purchase of the land.

APPEAL by the defendants from a judgment entered upon the verdict of a jury and from an order made denying a motion for a new trial.

The action was brought to recover commissions for effecting the sale of real estate. The complaint alleged that the

defendants employed the plaintiff to obtain for them a purchaser of certain land; that the plaintiff procured a purchaser who made a contract with the defendants for the purchase of the land.

The answer contained a general denial and also an allegation that the purchaser failed to fulfill his contract.

On the trial the plaintiff was allowed, under the defendants' objection, to show by parol evidence, to wit, the testimony of the lawyer who searched the title for the purchaser, —that there were defects in the title appearing of record. In the charge, the jury were instructed to disregard this evidence.

*E. H. Benn*, for appellants.

*F. Smyth*, for respondent.

ROBINSON, J.—The claim of a real estate broker to his commission for effecting a sale (in the absence of any other controlling circumstance), accrues when the purchaser whom he has procured has entered into an agreement with his employer for the purchase and sale of the property. The contract of employment of the plaintiff by the defendants as declared in his complaint and testified to on his behalf (subject to the consideration hereafter stated, relating to Mrs. James,) became perfect upon the execution of the contract with Burchell, the purchaser. The testimony offered on the part of the defendant was in denial of any such employment, and of a mere gratuitous promise by the defendant, E. D. James, after the contract was executed, that if the purchase was completed by Burchell he would pay to plaintiff a commission of one per cent; that he told plaintiff originally that he would pay no commission. He was agent for his wife in relation to her real estate; made sales and purchases for her, and she was willing to sell on the terms of the contract. It also appeared that Mrs. James signed the contract in conjunction with her husband when brought to her by the plaintiff, who then told her he was a real estate broker. The

Allen v. James.

plaintiff was allowed in the trial to prove by John R. Flanagan, Esq., who had searched the title for Burchell, the purchaser, and against the objection of the defendants as to relevancy and competency as parol testimony, what were the defects and objections appearing of record against defendants' title by way of mortgages, *lis pendens*, &c. In view of the fact, that the issue was as to plaintiff's employment upon the contract or terms stated in the complaint, all this testimony as to defects discovered by the purchaser in the title which defendants had agreed to convey .to him, was irrelevant, and proof of such defects as appeared of record by parol testimony incompetent. The subsequent intimation by the judge to the jury to disregard it, did not cure the difficulty. (*Erben* v. *Lorillard*, 19 N. Y. 303; *Neuman* v. *Goddard*, 48 How. Pr. 363.) It is only in cases where the appellate court can plainly see that the testimony, improperly admitted, could have had no weight with the jury, that the objection can be overcome. The aspect presented of defendants contracting to sell property to which they had no valid title, could not but have had its weight in influencing the jury which side to credit, in the conflict of testimony.

In addition to this, there certainly was no competent evidence of plaintiff's employment by the defendant, Sarah James. Her co-defendant was her agent to effect sales of her real estate. The employment of a sub-agent or broker is not shown to have been necessary or recognized as usual by any well-established custom, and plaintiff's mere suggestion to her when he called and procured her signature to and execution of the contract of sale, that he was a real estate broker, conveyed no intimation that he had been acting in that capacity for her, on employment through her husband upon her credit and responsibility. (*Jones* v. *Walker*, 63 N.Y. 612.) The judgment should be reversed, a new trial ordered with costs to abide the event.

CHARLES P. DALY, Chief Justice.—I agree that there must be a new trial for allowing the plaintiff to show under the defendants' objection, by parol, defects and objections to

the plaintiff's title appearing of record, and that the error was not cured by the judge telling the jury in his charge that they had better throw that out of the case; that the invalidity of a title could not be proved by the opinion of a lawyer; but that record evidence should have been offered. We cannot say that this testimony could have no weight with the jury, but on the contrary they may have believed from it that James was attempting to sell property to which his wife had no title, and as Judge Robinson suggests, such a circumstance may have influenced them to believe the plaintiff instead of James, as respects the terms of plaintiff's employment, in which they were directly in conflict. But I am not prepared to go farther than this; and as there must be a new trial for this reason, it would not be material to state my views upon the question of agency and the evidence respecting it.

LARREMORE, J., concurred.

Judgment reversed and new trial ordered.