## MARY A. AUSTIN, RESPONDENT, *v.* MARTHA BACON AND JOHN E. BACON, APPELLANTS.

*Action for slanderous words uttered by a married woman— her husband must be joined as a defendant — evidence as to the pecuniary circumstances of the husband is not admissible, nor is evidence as to repetitions of the slander by other persons.*

When an action is brought to recover damages for slanderous words uttered by a married woman, her husband must be joined as a defendant.

*Fitzgerald* v. *Quann* (33 Hun, 652; affirmed, 109 N. Y., 441) followed.

Upon the trial of this action, brought by the plaintiff against the defendants to recover damages for defamatory words imputing unchastity to the plaintiff spoken by the wife alone, the plaintiff was permitted, under the objection and exception of the defendant, to prove that the husband received as profits from his business during one year the sum of $6,000.

*Held,* that the court erred in admitting this evidence, as the pecuniary circumstances of the defendant were not involved in the issue, and evidence showing him to be rich or poor should not have been received.

*Palmer* v. *Haskins* (28 Barb., 90) followed.

Upon the trial the plaintiff was allowed to prove, under the objection and exception of the defendant, that, subsequent to the date that the slanderous words were uttered by the defendant, other persons made statements in regard to her character which were similar to those made by the defendant.

*Held,* that as the defendants were not liable for the acts of such third persons, proof of such acts were not admissible either upon the question of malice or the question of damages.

APPEAL from a judgment, entered in the office of the clerk of the county of Onondaga, on the 12th day of March, 1887, for $3,508.92, damages and costs, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Hiscock, Doheny & Hiscock*, for the appellants.

*T. K. & L. E. Fuller*, for the respondent.

MARTIN, J. :

Appeal from a judgment and order denying a motion for a new trial. The action was for slander in speaking words which imputed unchastity to the plaintiff. The defendants were husband and wife. The defamatory words complained of were spoken by the wife alone. The plaintiff recovered against both defendents. On the trial the defendants moved to dismiss the complaint, as to the defendant John E. Bacon, on the ground that he was not a proper party defendant. This motion was denied, and the defendants excepted. At the time of the trial, and when this case was submitted, there was a conflict in the authorities in this State upon the question whether a husband was a proper party in an action brought for slanderous words spoken by his wife. Since its submission the Court of Appeals has passed upon the question, holding that when an action is brought to recover damages for slanderous words uttered by a married woman, her husband must be joined as a defendant. (*Fitzgerald* v. *Quann*, 33 Hun, 652; affirmed in Ct. of App., June 5, 1888 ; 109 N. Y., 441.) This decision we regard as decisive of the question, and it must, therefore, be held that the defendants' exception was not well taken.

Under the defendants' objection and exception the plaintiff was permitted to prove that the defendant John E. Bacon received as profits from his business during one year the sum of $6,000. . This evidence was admitted by the court for the purpose of showing the position in life of the defendant John E. Bacon. While it must be admitted that the decisions of some of the other States are to the effect that, in an action of slander, evidence of the wealth of the defendant is admissible (*Bennett* v. *Hyde*, 6 Conn., 24, 27 ; *Humphries* v. *Parker*, 52 Me., 507 ; *Stanwood* v. *Whitmore*, 63 id., 209),

still the only case cited, where the question has been passed upon by the courts of this State, holds a contrary doctrine. In the case of *Palmer* v. *Haskins* (28 Barb., 90) it was held that in an action of slander or libel the pecuniary circumstances of the defendant are not involved in the issue, and evidence showing him rich or poor ought not to be received. We have been unable to find that this case has ever been criticised or overruled, although the decision was made more than thirty years since. Under these circumstances we regard it our duty to follow the doctrine of that case. Moreover, the words complained of were not spoken by John E. Bacon, and hence his position in life was unimportant. We think this evidence was improperly admitted.

On the trial the following evidence was admitted, under the defendant's objection and exception : " Q. Have you heard stories derogatory to the character of the plaintiff in circulation at the Globe Hotel ? (Objected to as improper and immaterial.)

" The COURT — I will allow that to be shown, provided you show the date ; it must be subsequent, of course.

" By Mr. FULLER :

" Q. If so, when ? (Same objection.)

" The COURT — That I will allow to be shown. (Exception for defendants.) My impression is the fall of 1884, and constantly from then out. Q. And with what class of people have you heard these things talked about? (Same objection.)

" The COURT — I will receive that. (Exception for defendants.) A. By all the people in the house ; by quite a number of traveling people, and by the boarders in the house. Q. Now I will ask you to state what it was that you heard? (Same objection. Same ruling. Exception for defendants.) A. I have heard that Mrs. Austin was reported to be the mistress of Captain Austin previous to their marriage for ten years ; I have heard that she went off with him on his summer vacations as said mistress ; I have also heard this story about the miscarriage, frequently repeated, of course. Q. Did you hear that it took place prior to the marriage ? A. Yes, sir ; that story was in circulation there with the others ; I heard that she was called Paddy and Biddy Austin in the house.

" Mr. DOHENY — He heard it from the other people, and that is what I object to.

" The COURT — I have allowed evidence, Mr. Doheny, and it is proper you should have your exception to it; that subsequent to the date when some proof has been given that Mrs. Bacon uttered slanderous words concerning the plaintiff, that those identical reports were in more or less general circulation in the Globe Hotel between the guests, both permanent and transient. To that you are entitled to an exception. (Exception for defendants.)"

And the following evidence of another witness was also admitted under the defendants' objection and exception: " Q. I desire to ask you if you have heard in circulation, since the fall of 1884, any stories derogatory to the character of the plaintiff in this case, at the Globe Hotel? (Objected to as incompetent, improper and immaterial. Objection overruled. Exception for defendants.) A. Well, I have heard reports, but no authority particularly for them; I should say they were derogatory to the plaintiff's character; they were in circulation among the residents of the hotel; I have heard of it from different persons, whom I could not tell now, but such reports were in circulation; I may have heard it among the transient guests of the hotel, but I meet so many transient people at the hotel I could not say positively. Q. Will you state what you have heard in circulation there? (Same objection as before. Same ruling. Exception for defendants.) A. Simply that Mrs. Austin was the mistress of Captain Austin; possibly that may have been one thing I have heard before he married her, but whom it came from I can't say. Q. Anything else? A. I can't recall anything particularly. Q. That has been in circulation there how long a time? A. Well, I should say perhaps a year or a year and a-half; I can't say just how long."

The substance of this evidence was, that subsequent to the time when the plaintiff claims the defendant Martha Bacon uttered the words complained of, and from that time down to the time of the trial, other persons, for whose acts the defendants were in no way responsible, slandered the plaintiff by making independent statements in regard to her character, which were similar to those alleged to have been made by Mrs. Bacon. The defendants were not liable for the acts of such third persons, nor were their acts

admissible as evidence against the defendants. Proof of such acts was not proper evidence of the charge made against the defendants, nor was it admissible, either upon the question of malice or upon the question of damages. In every case of the repetition of a slander, the person repeating it acts consciously and voluntarily, and the repetition is his own act. Each publication of a slander is a separate and distinct act, and every person repeating it becomes an · independent slanderer, and he alone is answerable for the consequences of his own wrongful act. To this rule there are two apparent exceptions, neither of which is applicable in this case.

We are clearly of the opinion that the court erred in admitting the evidence above referred to. We cannot say that its admission was harmless. Hence it follows that the judgment and order appealed from must be reversed and a new trial granted.

Judgment and order reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment and order reversed on the exceptions and a new trial granted, with costs to abide the event.