## EMMA K. ENOS, RESPONDENT, *v.* JOHN A. ENOS, APPELLANT.

*Evidence as to the defendant's wealth and family, in an action for slander.*

In an action to recover damages because of the utterance of slanderous words by the defendant, charging the plaintiff with being a prostitute and a thief, evidence was given on behalf of the plaintiff to the effect that the defendant had no children, and that he had property of the value of $50,000, in regard to which the trial justice charged the jury that the evidence had been permitted, "not for the purpose of affecting your judgment as to the amount of damages he should pay, because you will not be permitted to enhance the damages for the reason that the defendant is a wealthy man, and the evidence was not allowed in the case for any such purpose whatever, but it was allowed for the

sole purpose of showing the effect that was to be given to the language uttered by this particular individual."

*Held,* that, in an action for slander or libel, the pecuniary circumstances of the defendant are not involved in the issue; and evidence showing him to be rich or poor is not admissible on the question of damages.

That the error in this case was not cured by the charge of the justice that the evidence was proper to enable the jury to determine what weight would be given to the defendant's words.

That a new trial should be granted, as the jury might well have reasoned that the defendant being a man of wealth, and having no family dependent upon him, they should render a larger verdict than if these facts did not exist.

APPEAL by the defendant John A. Enos from an order made at the Yates County Circuit, and entered in the Yates county clerk's office on the 4th day of December, 1889, denying a motion made for a new trial, after a trial before the court and a jury at the Yates County Circuit, at which a verdict was rendered for the plaintiff in the sum of $3,000.

*M. A. Leary,* for the appellant.

*Calvin J. Huson,* for the respondent.

CORLETT, J. :

This action was brought to recover damages for slander. The complaint charges, in substance, that the defendant, at various times during the years 1886–87–88, charged the plaintiff with being a prostitute and a thief. The answer was a denial. The cause was tried at the Yates Circuit, before a justice and a jury, in December, 1889, and resulted in a verdict of $3,000 for the plaintiff. A motion for a new trial was made and denied, and the defendant appealed to this court.

The plaintiff gave evidence tending to prove the allegations of the complaint. The defendant's evidence controverted that of the plaintiff.

Mason L. Baldwin was sworn as a witness on the part of the plaintiff, and testified that he was a banker and knew the defendant. The witness was asked the following question : " Has Mr. Enos any children living ? " The counsel for the defendant objected. Counsel for plaintiff offered to prove that the defendant was a man of means and had no one depending on him for support, to which the counsel for the defendant objected. The objection was overruled and

exception taken. "A. No, I don't understand he has any." "Q. Has he a wife?" "A. Yes, sir." "Q. Do you know the amount of personal property Mr. Enos owns?" The counsel for the defendant objected to this question, as being incompetent and immaterial, and not to be taken into consideration in determining the question at issue here before the jury. Received and exception taken. "A. Yes, in the neighborhood." "Q. How much?" "A. In the neighborhood of $50,000." The witness also testified that the defendant owned a farm of 100 acres.

The trial justice, in charging the jury on this subject, said: " In the first place, evidence has been permitted here as to the wealth and standing of the defendant, not for the purpose of affecting your judgment as to the amount of damages he should pay, because you will not be permitted to enhance the damages for the reason that the defendant is a wealthy man, and the evidence was not allowed in the case for any such purpose whatever, but it was allowed for the sole purpose of showing the effect that was to be given to the language uttered by this particular individual. You have a right to know the financial condition and standing of the defendant in the community where he resides for the purpose of saying what weight would be given to anything he may say concerning another individual; because a man in the position of this defendant certainly has it in his power, by making a statement, to carry with it greater weight than another person would have who occupied a less prominent position in the society in which he moves. So that you are to consider this testimony solely with a view to arriving at the weight which is to be given by you to the statements which this defendant may have made concerning this plaintiff."

The leading contention on the part of the appellant is, that the trial court erred in admitting the evidence above quoted. The first question objected to was, whether the defendant had any children living. The plaintiff's counsel stated as a reason why the evidence should be admitted, that he would show him to be a man of wealth, and that he had no one dependent upon him for support. After this statement the defendant again objected. It was overruled and exception taken, and the witness answered to the effect that he had no children. Whether the defendant had or had not children could in no way bear upon the question as to how much weight or import-

ance would be attached to the words he used concerning the plaintiff. The only possible purpose of this evidence, in the nature of things, was to show that the defendant had no family dependent upon him for support. This was the view taken by the learned counsel for the plaintiff, for he stated that such was his purpose in offering the evidence. The court, after being fully advised of the reason why the evidence was offered, overruled the objection. How far, or to what extent, the fact that the defendant had no children, affected the jury on the question of damages, it is impossible to determine. They might well have reasoned, as the plaintiff's counsel did, that being a man of wealth, and having no family dependent upon him, they should render a larger verdict than if those facts did not appear.

The other question objected to was an inquiry as to the wealth of the defendant. The ground of the objection was that the evidence was incompetent and immaterial, and not to be taken into consideration in determining the question at issue before the jury. The witness was allowed to answer this question after exception, and the evidence showed he had $50,000 of personal property, and a farm of 100 acres. In view of what was said after the question was asked in reference to the children, it is difficult to see upon what theory this question was asked, except as bearing upon the question of damages. Both questions, naturally and legitimately, bore upon that subject, and the jury were fully informed as to the defendant's family and property.

It is now the rule in this State that, in an action of slander or libel the pecuniary circumstances of the defendant are not involved in the issue, and evidence showing him to be rich or poor is not admissible on the question of damages. (*Dain* v. *Wycoff*, 7 N. Y., 191–193; *Palmer* v. *Haskins*, 28 Barb., 90; *Austin* v. *Bacon*, 49 Hun, 386.)

The trial justice in his charge to the jury in the portion above quoted stated that such was the law; but he treated the evidence as proper for another purpose, stating that the jury had a right to know the financial condition and standing of the defendant for the purpose of showing what weight should be given to his words.

It is the general rule that where improper evidence has been received under objection, which may affect the verdict, it is not

cured by a direction of the judge to disregard it. (*Erben* v. *Lorillard*, 19 N. Y., 299; *Wright* v. *Equitable Life Ins. Co.*, 41 Supr. Ct. [9 J. & S.], 1; *Allen* v. *James*, 7 Daly, 13; *Neuman* v. *Goddard*, 48 How. Pr., 363; *Travers* v. *Eighth Ave. R. R. Co.*, 3 Keyes, 497.) It is true that this rule has been somewhat modified in *Gall* v. *Gall et al* (114 N. Y., 109), and *Holmes* v. *Moffat* (120 id., 159), but not so as to affect the questions involved in this appeal.

A specific objection must always be taken unless *the evidence in its essential character is incompetent.* (*Tooley* v. *Bacon*, 70 N. Y., 34, 35; Baylies on New Trials, 179.) It is a familiar rule that where illegal evidence which might affect a verdict is admitted, a new trial must be granted. (*Starbird* v. *Barrons*, 43 N. Y., 200; *Baird* v. *Gillett*, 47 id., 186.)

Evidence of the amount of the defendant's property was not admissible on the question of damages, nor was that as to the number of his children. It is difficult to see from an examination of the case for what purpose the evidence objected to was admitted, in view of what occurred at the time, except as bearing upon the question of damages.

Was the evidence objected to admissible on the question of how much weight should be attached to the words spoken? It is difficult to see upon what principle, as a legal proposition, a man's financial ability should increase or diminish the importance of his declarations on the question of another's character. This is well illustrated in the present case, for several witnesses testified that they attached no weight or importance to the defendant's utterances, and still the evidence objected to was held to be competent upon the ground that his financial standing would add weight and influence to his words. The position or standing of an individual speaking slanderous words might bear upon the weight of his utterances, but the amount of money or property he possesses would not naturally affect his credibility, or cause his statements to be more readily believed. If this were so, no reason is seen why a man's wealth might not be proved in all cases where he is a witness for the purpose of increasing the force and cogency of his evidence.

The learned counsel for the respondent cites no case holding that the amount of money a man has adds to the weight or influence

of his statements on questions of character.   But in any view of the case, it is impossible to know that the admission of the evidence objected to, on the question of children did not affect the minds of the jury, and it certainly cannot be claimed, as to this evidence, that it could have weight on the importance to be attached to the slanderous words.   The fact that a man has or has not children can certainly have no weight in any such direction.   The only legitimate effect was to influence the jury in giving the plaintiff a larger verdict because he had no one dependent upon him for support.

Suppose that no evidence of the amount of the defendant's wealth had been admitted, and proof had been offered showing that he had no children or family to support, and it had been received under objection, it could hardly be argued that the evidence was competent ; it could not be construed to be received except for the purpose of showing that no injury would be inflicted upon the defendant's family by finding a verdict against him for a large sum of money. Such evidence would naturally tend to influence the jury on the question of damages.

It follows that a new trial must be granted, with costs to abide the event.

Dwight, P. J., and Macomber, J., concurred.

Order appealed from reversed and a new trial granted, with costs to abide the event.