## CUMMINGS v. LINE.

*(Supreme Court, General Term, Fifth Department. March, 1892.)*

SLANDER—EXCESSIVE DAMAGES—REMITTITUR.

In an action by one woman against another for slander, it appeared that they belonged to two families, living in one house, and that certain causes of disagreement had developed into a chronic quarrel. Defendant was of irascible temper and violent speech, and in angry conversation with plaintiff and her father used language imputing unchastity to plaintiff. No one else heard the words, except when, in a few instances, they were overheard by casualty. On the trial an unsuccessful attempt to justify the words was made, and defendant boasted that she was worth $80,000. *Held*, that a verdict for $3,000 was excessive, and a new trial would be granted unless judgment for $1,000 be accepted.

Appeal from circuit court, Wayne county.

Action by Ida M. Cummings against Mary A. Line for slander. From a judgment for plaintiff for $3,000, defendant appeals. Affirmed on condition that plaintiff accept judgment for $1,000; otherwise, reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*P. Chamberlain, Jr.*, for appellant. *Geo. F. Yeoman*, for respondent.

DWIGHT, P. J. The plaintiff recovered in an action of slander, in which the words charged to have been spoken by the defendant imputed unchastity to the plaintiff. It was a case of two families in one house, where the defendant was the owner of the farm, and the plaintiff's father took it to work on shares. These were two prolific sources of disagreement and offense, which soon developed into a chronic quarrel, in which hard words were used on both sides, and even physical violence was at one time resorted to by the plaintiff's father toward the defendant's husband. The plaintiff was her father's housekeeper and woman of all work. The defendant, if the plaintiff's testimony is to be credited, was a woman of irascible temper and violent speech; and all or most of the actionable words charged against her were spoken in personal altercation with the plaintiff herself, or with the plaintiff's father in her presence. The words usually consisted of opprobrious epithets, either addressed to the plaintiff herself, or applied to her in angry conversa-

tion with her father, and, in a few cases only, casually heard—or overheard—by other witnesses. No instance is disclosed in the case in which the actionable words were spoken secretly, insidiously, or in a manner likely to affect injuriously the reputation of the plaintiff. The very extravagance and exaggeration of the language charged, though apt to excite resentment, was much less calculated to injure reputation than if it had been deliberate, dispassionate, and guarded in tone. Indeed, the call for compensation to the plaintiff was rather for injury to her feelings than to her reputation; and, besides, there was the question of exemplary or punitive damages. The verdict was for $3,000. We think it was altogether disproportionate to the character and effect of the wrong committed. There was, it is true, an attempted justification of the words, which the jury must have found not to be successful, and which properly went in aggravation of damages, but even then the verdict was largely in excess of what would have ordinarily been expected in a case of this character. Aside from the effect of the attempted justification, a verdict of $500 would have been liberal for words spoken in the manner and under the circumstances shown in this case; and, if that had been enhanced by an equal amount by reason of the unsuccessful attempt to justify, a verdict for $1,000 would, we think, have satisfied the highest expectations of the persons engaged in the prosecution. It is probable that the extravagance of the verdict may be accounted for, at least in part, by the fact that there came out incidentally, in the testimony, a boastful declaration of the defendant to the effect that she was worth $80,000. The fact was not in issue, and, if evidence had been offered to prove it, it must have been excluded. *Enos* v. *Enos*, (Sup.) 11 N. Y. Supp. 415, and the cases cited. But it is mentioned, among the established facts in the case, in the brief of counsel for the respondent here, and probably was not allowed to escape the attention of the jury on the trial. We think a new trial should be granted on the ground that the verdict was excessive, unless the plaintiff prefers to stipulate to reduce it to the sum of $1,000. Judgment and order reversed, and a new trial granted, with costs to abide the event, on payment by the defendant of the costs of the trial already had, unless the plaintiff stipulate to reduce the damages entered in the judgment to the sum of $1,000, and in that case the judgment as modified is affirmed, without costs of this appeal to either party.

All concur.