JAMES D. McCAULEY, Respondent, v. GEORGIA RAILROAD BANK, Appellant.— Order denying motion to vacate attachment affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J,, Jaycox, Manning, Young and Kapper, JJ., concur.

MECHANICS BANK, Respondent, v. SAMUEL D. FRIED, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN J. DURGIN, Appellant.— Judgment of conviction of the County Court of Queens county affirmed. No opinion. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HELEN LORDEN, Appellant.— Judgment reversed as contrary to law, complaint dismissed, and defendant discharged, as it was not shown that the offense complained of was committed in a public place.* Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES P. CLARK, Relator, v. MAURICE E. CONNOLLY, as President of the Borough of Queens, City of New York, Respondent.— Determination confirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ., concur.

JOHN J. RICH, Respondent, v. THE NINTH AVENUE RAILROAD COMPANY, Appellant, Impleaded with Others, Defendants.— Upon stipulation of the parties, this appeal is withdrawn, the case having been settled. Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ., concur.

ROSEN BROS. & COMPANY, INC., a Domestic Corporation, Respondent, v. HARRY MACKLER, as President of the MOVING PICTURE MACHINE OPERATORS PROTECTIVE UNION, LOCAL 306, an Unincorporated Association, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

JACOB W. TYMANN, Respondent, v. NATHAN SCHWARTZ, Appellant.— Judgment of the County Court of Queens county reversed upon the law, and a new trial ordered, with costs to abide the event, for error in the ruling and remark of the trial court at folios 235 and 236. The contention of plaintiff's counsel was that evidence of defendant's wealth was admissible in a slander case. The remark of the court was that the evidence was competent to show that defendant was a substantial property owner in the community. Either as evidence of wealth, or for the purpose of showing what weight should be attached to the words alleged to have been uttered by the defendant, the ruling, in our opinion, was erroneous. (*Enos* v. *Enos*, 58 Hun, 45.) Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

---

* See Consolidation Act (Laws of 1882, chap. 410), § 1458, subd. 3; Greater N. Y. Charter (Laws of 1901, chap. 466), § 1610; Penal Law, § 722 *et seq.*, as added by Laws of 1923, chap. 642.— [REP.