LOUIS WILSON, Plaintiff, *v.* ONONDAGA RADIO BROADCASTING CORPORATION and CHAPPELL BROS., INC., Defendants.

Supreme Court, Onondaga County, January 3, 1940.

*Saul H. Alderman,* for the plaintiff.

*Estabrook, Estabrook & Harding,* for the defendant Onondaga Radio Broadcasting Corporation.

KIMBALL, J. The action is pursuant to sections 50 and 51 of the Civil Rights Law. Section 51 provides that the jury, in its discretion, may award exemplary damages.

The plaintiff seeks to examine, before trial, the defendant Onondaga Radio Broadcasting Corporation as to (1) a statement of the defendant's wealth and financial condition on the 12th day of February, 1939, and (2) the arrangement with reference to the management, ownership and operation of the WFBL broadcasting station in the city of Syracuse, N. Y., etc. I indicated upon the argument of the motion that plaintiff was not entitled to examine as to No. " 2." I so now decide.

If the wealth and financial condition of the defendant may not be shown upon the trial, then the motion should be denied as to the first inquiry. There seems to be some confusion as to the rule in this State. In *Klauber* v. *S. K. E. Operating Co., Ltd.* (163 Misc. 418), it was stated: " Where a case is made which will authorize the award of exemplary damages, defendant's financial condition is a material consideration in fixing the amount." (Citing 1 Clark's New York Law of Damages, § 54.) The statement of the rule in Clark's New York Law of Damages is supported by one case, that of *Fry* v. *Bennett* (11 N. Y. Super. Ct. 247; 1 Abb. Pr. 289). In that case it was said: " Damages which would be exemplary, when inflicted upon a person in moderate circumstances, would be trivial, and in no practical sense exemplary, when imposed upon a person whose property and income were very much larger."

The above statement was made in the *Fry* v. *Bennett* case in connection with the question as to whether the plaintiff might recover exemplary damages at all and is in some respects *obiter dictum.* In any event, a new trial was granted on the ground that a certain deposition was improperly admitted in evidence. On appeal, the judgment of the General Term was affirmed (28 N. Y. 324).

In *Lewis & Herrick* v. *Chapman* (19 Barb. 252) the same question was brought out and the court, following Massachusetts and Connecticut, said: " It seems to me therefore clear, from authority, that the evidence was properly admitted, as bearing upon the extent of the injury, if for no other purpose." *Lewis & Herrick* v. *Chapman* (*supra*) was reversed (16 N. Y. 369) without mention of the question here at issue and *Fry* v. *Bennett* (*supra*) was not cited.

The precise question was decided in *Palmer* v. *Haskins* at General Term (28 Barb. 90). The court, in its opinion, reviewed the authorities. *Fry* v. *Bennett* (*supra*) was not mentioned. It was there said: " The evidence is not admissible for the purpose of showing the ability of the defendant to pay, or for the purpose of assisting the jury in measuring out exemplary or vindictive damages; but it was admitted in Connecticut solely for the purpose of ascertaining the standing and influence of the plaintiff, * * *. In the present case, the evidence was not offered or admitted for any such purpose, or with any such view. I am not, however, satisfied that such evidence, as a separate independent item, should be admitted *for any purpose.*" (Italics supplied.)

The doctrine enunciated in *Palmer* v. *Haskins* (*supra*) was followed in this department. (*Austin* v. *Bacon*, 49 Hun, 386, decided in 1888.)

In *Dain* v. *Wycoff* (7 N. Y. 191) the action was seduction. The court held that proof of defendant's circumstances was inadmissible.

Again, in 1890, the General Term (then Fifth Department) in *Enos* v. *Enos* (58 Hun, 45) said: " It is now the rule in this State that in an action of slander or libel the pecuniary circumstances of the defendant are not involved in the issue, and evidence showing him to be rich or poor is not admissible on the question of damages. (*Dain* v. *Wycoff*, 7 N. Y. 191–193; *Palmer* v. *Haskins*, 28 Barb. 90; *Austin* v. *Bacon*, 49 Hun, 386.) " *Enos* v. *Enos* was affirmed (135 N. Y. 609) and was followed in *Palmer* v. *Bailey* (33 App. Div. 642).

In *Brown* v. *Smallwood* (86 App. Div. 76) the court, following *Palmer* v. *Haskins* (*supra*), said: " The plaintiff was also permitted, over defendant's objection, to make proof as to the wealth of the defendant or the amount of property which he owned. We think the admission of that evidence also constituted reversible error."

The rule was adhered to in *Tymann* v. *Schwartz* (209 App. Div. 886). (See, also, 34 A. L. R. 5, 6, 7, where it is said that the foregoing cases constitute a doubtful line of authority and that the conflict was brought about unwittingly by the decision in the *Palmer* v. *Haskins* case, *supra*, where *Fry* v. *Bennett* and *Lewis & Herrick* v. *Chapman*, *supra*, were not called to the attention of the court.) It is conceded, however, that the Court of Appeals in *Enos* v. *Enos* upheld the rule in the *Palmer* case. Whether we feel that the decision in the *Palmer* case was inadvertent or not that decision has deen followed while that of *Fry* v. *Bennett* (*supra*) has not. On authority, therefore, it is my opinion that the evidence is inadmissible. Furthermore, I think the rule in the *Palmer* v. *Haskins* case (*supra*) is the correct one. To measure punitive or exemplary

damages by the wealth of the defendant seems far fetched. As well might the State impose a fine in a criminal case in accordance with a defendant's ability to pay.

The motion to vacate the notice should be granted, with ten dollars costs.