WALTER B. STEWART, Plaintiff, *v.* MUTUAL CLOTHING Co., INC., et al., Defendants.

County Court, Monroe County, June 3, 1949.

*Charles P. Maloney* for plaintiff.

*Oviatt, Gilman, O'Brien & Forman* for defendants.

O'MARA, J. The defendants in the above-entitled action move, pursuant to the provisions of rule 103 of the Rules of Civil Practice, for an order striking from the plaintiff's complaint paragraph numbered seventh and so much of paragraph numbered eighth as refers to exemplary and punitive damages. The plaintiff's cause of action is one in fraud in connection with an alleged assignment of wages executed by the plaintiff to the defendant Mutual Clothing Company, Inc. The plaintiff seeks both compensatory and punitive or exemplary damages.

Paragraph numbered seventh of the plaintiff's complaint reads as follows: " Upon information and belief, that the defendant, Mutual Clothing Company Inc., is a corporation having a large amount of assets and net worth."

Paragraph numbered eighth of the plaintiff's complaint reads as follows: " That plaintiff has been damaged in the sum of $1,000.00 and that plaintiff, in addition thereto, is entitled to exemplary and punitive damages in the sum of $2,000.00."

In a proper case the jury may allow to plaintiff damages expressing their indignation at the wrong done by the defendant rather than setting a value on the loss sustained by the plaintiff. The question as to whether evidence pertaining to the defendant's ability to pay in cases in which punitive or exemplary damages are sought has been considered by the courts of this State over the years and the weight of authority precludes the admissibility of such evidence. Compensatory damages have never been dependent upon the financial worth of the person sued and there is no reason why the rule should be otherwise in a case in which an additional recovery is demanded in the form of punitive or exemplary damages. If the rule were otherwise, it would be entirely foreign and repugnant to our system of the administration of justice. Ours is a government of laws and not of men and punishment in the form of dollars and cents, whether it be civil or criminal, should never be meted out based upon the offender's ability to pay.

The question as to whether plaintiff is entitled to punitive or exemplary damages depends entirely upon the nature of the cause of action, the testimony produced in court during the course of the trial and the law as stated by the court to the jury. It is for the jury to determine as a question of fact as to whether punitive or exemplary damages should be awarded and the

amount of the said damages is solely within the discretion of the jury as triers of the facts. It is, therefore, unnecessary for the plaintiff to allege in his complaint the amount which he claims for punitive or exemplary damages.

The authority for the conclusions herein reached may be found in *Palmer* v. *Haskins* (28 Barb. 90) and *Xoltz* v. *Blackmar* (64 N. Y. 440), as well as in *Wilson* v. *Onondaga Radio Broadcasting Corp.* (175 Misc. 389) in which latter case prior judicial pronouncements are collated and set forth with painstaking care by Justice KIMBALL, presently a distinguished member of the Appellate Division, Fourth Department.

The motion is granted, with $10 costs.

Submit order accordingly.