Birdie Amsterdam, J.
This is a motion to strike paragraph “ 11 ” from the complaint pursuant to rule 103 of the Rules of Civil Practice. In view of the nature of the allegations of the entire complaint, and in light of the further disposition hereinafter made, it cannot be said at this posture of the litigation that the matter is irrelevant, unnecessary, impertinent or scandalous or otherwise objectionable. Where evidence of the facts pleaded in the allegations sought to be stricken has any bearing on the subject matter of the litigation, the motion to strike out such allegations as irrelevant, etc., will be denied (Gerseta Corp. v. Silk Assn. of America, 220 App. Div. 302 ; Giessler v. Accurate Brass Co., 271 App. Div. 980 ; Dyer v. Broadway Cent. Bank, 252 N. Y. 430). The motion in this aspect is denied.
Defendant further moves for dismissal of the second cause of action from the complaint, pursuant to rule 106 of the Rules of Civil Practice, upon the ground that that portion of the complaint fails to state facts sufficient to constitute a cause of action. The argument in this respect is to the effect that plaintiffs may not have punitive damages against defendant in this action founded in negligence, predicated upon allegations of gross, willful and deliberate negligence on the part of defendant, its agents, servants and employees. Plaintiffs seek punitive damages under the second cause of action by reason of the allegations that defendant failed to repair an alleged defective step in its premises after a violation had been placed on the premises by the Department of Housing and Buildings of the City of New York for failure to repair said step and that such failure and violation continued up to the date and time of the accident to plaintiff, all of which was the proximate cause of his injuries, and that such failure of defendant to repair the *194 step after notification of the violation constituted gross, willful and deliberate negligence for which the infant plaintiff is entitled to punitive damages under his stated second cause of action.
Where plaintiff alleges a violation of duty which imposed liability upon a defendant, the complaint in an action predicated thereon should not be dismissed. What damage the plaintiff can establish must depend on the proof; that is an issue to be tried. The violation of the duty imposes liability at least for nominal damages. That is enough to enable the complaint to withstand a motion to dismiss for failure to state a cause of action (Robbins v. Bankers Trust Co., 4 Misc 2d 347). So, here, the allegations of the second cause of action, bottomed upon failure of defendant to repair the step, and further disregard to repair same even though a violation had been placed upon the premises by the Building Department for such failure, may entitle plaintiff to ultimate recovery thereon. Punitive damages have been allowed in many forms of tort action. Where claimed, all the circumstances immediately connected with the situation and conduct of the defendant are admissible in evidence. Punitive damages, as the name implies, act not by way of compensation but by way of punishment of the wrongdoer and as an example to others. Such damages may be awarded in a proper case only where, and to the extent that, the wrongdoer has acted maliciously, wantonly or with a recklessness that betokens improper motive or vindictiveness. It is for the jury to say, in its discretion, whether such damages will be awarded (Grau v. McNulty & Sons Holding Co., 168 Misc. 165 ; Goines v. Pennsylvania R. R. Co., 208 Misc. 103, 112 ; Sanders v. Rolnick, 188 Misc. 627, 631, affd. 272 App. Div. 803 ; Darlow v. State of New York, 207 Misc. 124, 127). We are not called upon to determine the facts as to whether plaintiff may obtain an award herein, under his second cause of action, for punitive damages. Here, the allegations of his complaint furnish sufficient foundation for the claim. The matter tending to prove or disprove the claim is for the trial court or jury (Sanders v. Rolnick, supra) and depends entirely upon the nature of the cause of action, the testimony produced in court and the law as stated by the court to the jury. It is for the trial court or jury, as triers of the facts, to determine as a question of fact whether punitive damages should be awarded and the amount thereof (Stewart v. Mutual Clothing Co., 195 Misc. 244).
Accordingly, the motion to dismiss the complaint is denied. Defendant shall answer to the complaint within 10 days after the date of service of a copy of this order with notice of entry.