treating of the old maxim, "Res periit domino," and that is: Where a different obligation is imported by special contract, and a calamity ensues for which neither was to blame, preventing performance, then let the thing perish to the master and the services to the workman. The recovery had in this judgment, resting as it does upon the theory that, notwithstanding the obligation of the plaintiff's contract "to deliver in good order at the store of the plaintiffs" and his failure to comply therewith, prevented as it was by a fire for which he was not at fault, he was excused thereby and non constat entitled to compensation, cannot be sustained, and must be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

### SAMIELOFF v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

1. MALICIOUS PROSECUTION—ACTIONS—INSTRUCTIONS.
  An instruction, in an action against a street railway company for false arrest and malicious prosecution, that because of what plaintiff's counsel urged on the question of exemplary damages the court charged that the law only makes a master responsible for the malicious act of a servant when the master actually authorized it, had knowledge of it, or ratified it, and that all of these elements must be proven, left to the jury the question of exemplary damages.

2. MASTER AND SERVANT—INJURIES TO THIRD PERSONS—EXEMPLARY DAMAGES.
  Exemplary damages cannot be recovered against a master for the malicious act of a servant, unless the master authorized the act, had knowledge of it, or ratified it.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1273.]

3. MALICIOUS PROSECUTION—INSTRUCTIONS—DAMAGES.
  Where, in an action against a street railway company for false arrest and malicious prosecution by one against whom complaint was made by a conductor, there was no evidence to sustain a finding of malice on the part of the company, it was error to leave to the jury the question of exemplary damages.

4. APPEAL—REVIEW—QUESTIONS OF FACT—WEIGHT OF EVIDENCE.
  A verdict against the weight of evidence will not be permitted to stand on appeal.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3938-3942.]

Appeal from Trial Term.

Action by Joseph Samieloff against the New York & Queens County Railway Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Van Vechten Veeder (I. R. Oeland, of counsel), for appellant.
Abraham H. Sarasohn, for respondent

CLARKE, J. This is an action to recover damages for false arrest and malicious prosecution. The plaintiff testified that he was a pas-

senger on a car of the defendant, and was making a trip to the ceme-
tery to visit his wife's grave; that, as the car upon which he was rid-
ing approached the cemetery, he saw a disturbance or fight around
a preceding car between the conductor and the motorman of that car
and a number of passengers; that he took no part in the fracas, but
protested to the motorman upon his car, and was told to "shut up,"
with an opprobrious epithet, "or he would get his face punched in";
that on the way back to the terminus at the Thirty-Fourth Street ferry
he again protested and received a similar reply; that he then told the
motorman, "You so fresh to me, when the car stops in Thirty-Fourth
street, near to the office to the ferry, then I be a witness.  I go into
the office, and I tell everything I saw what you do with these people";
that, when he got off the car at the ferry, he was arrested upon the
complaint of the conductor of the car around which the fight had
raged, whose head was cut and bleeding; that he was locked up over-
night, held for the grand jury, was indicted, tried by a petit jury, and
acquitted.  The charge in that proceeding was that he had assaulted the
conductor of the prior car with a stone.  He produced no witnesses in
regard to the occurrence at the cemetery.  The conductor upon whose
complaint the plaintiff was arrested is dead, but the company produced
two employés and four apparently disinterested witnesses who were
passengers, the substance of whose testimony was that the plaintiff
took part in the fight, threw a stone at the conductor, and was about
to throw another when he was stopped by the conductor of his own
car, and that he had a wrestle and struggle with that conductor and
tore his coat.  The jury found a verdict for the plaintiff, and assessed
the damages at $2,000.

In charging the jury the learned court said:

"Because of what plaintiff's counsel urged on the question of exemplary or
punitive damages, I charge you that unless the evidence satisfies you and
persuades you, and not upon speculation or conjecture, that the defendant
company had knowledge of any malicious act of the conductor, in the event
that you should find that the conductor personally acted maliciously and
with knowledge of the defendant company, even then there can be no re-
covery by way of exemplary damages or punitive damages against the de-
fendant company, because of the individual malice of the conductor, even
though you find that the act was within the conductor's duty.  The law only
charges and makes a master responsible for the individual malicious act of
a servant when the master actually authorized it, had knowledge of it, or
affirmatively ratified it.  All of these elements must be proven to your satis-
faction by evidence, and not by speculation or conjecture, namely, that the
defendant company authorized the individual malicious act, that the defend-
ant company had knowledge of it, and, having knowledge of a malicious act
of the conductor, that it expressly ratified it."

Defendant excepted to the charge of the court, leaving to the jury
all the question of exemplary damages.  The respondent admits that
the question of exemplary damages should not have been left to the
jury.  He says in his brief:

"This exception is without merit, because as matter of fact the court did
not leave to the jury any question of exemplary damages.  The court simply
stated an abstract question of law favorable to the defendant, and a general
exception to the charge is without purpose."

But from what the court said it is quite evident that plaintiff's coun-
sel had very earnestly presented the question of exemplary damages

and claimed to recover therefor· in summing up the case to the jury;
and it is quite evident from the exception and the court's reply to the
exception that it was leaving to the jury the question of exemplary
damages.   There is no evidence in the case, if the rules laid down by
the trial court are correct, to sustain the finding of malice on the part
of the company such as to charge them with exemplary damages.

In Craven v. Bloomingdale, 171 N. Y. 439, 64 N. E. 169, it was
held that:

"A master cannot be held liable for punitive or vindictive damages by rea-
son of wanton, oppressive, or malicious acts of the servant, unless there is
proof to implicate him and make him particeps criminis of his servant's
acts; and in an action brought against a master for an illegal arrest caused
by his servant, it is reversible error for the trial court, after instructing the
jury as to the law of compensatory damages, to instruct them that they had
also the power, if they thought proper, to award punitive or vindictive dam-
ages in addition to the amount fixed by them for compensatory damages,
without further instructing them that such damages should not be awarded
unless there was proof showing that the acts of the servant were wanton, op-
pressive, or malicious, and that the master was implicated with the servant
therein, or had either expressly or impliedly authorized or ratified them."

The learned court correctly charged the law, but, as there was no
evidence upon which the jury could have charged the alleged malicious
acts of the servant upon the master, when the court's attention was
called by the exception to the fact that he had left to the jury the
question of exemplary damages, he should have instructed them that
compensatory damages were all that they could find.   The consid-
erable space given in the charge to the discussion of this question which
was not properly before the jury had a tendency to confuse the issue,
and was harmful to the defendant.

The verdict is against the weight of the evidence, and therefore the
judgment and order should be reversed, and a new trial ordered, with
costs to the appellant to abide the event.   All concur.

INGRAHAM, J. (concurring).   I concur with Mr. Justice
CLARKE.   I also think that upon the evidence plaintiff failed to show
a want of probable cause for ·the charge made against him.   The
question of probable cause is a question of law for the court and not
for the jury, and upon the facts that appeared without substantial con-
tradiction—assuming that the defendant was responsible for the plain-
tiff's arrest—it had probable cause to charge the plaintiff with being
concerned in the assault upon the conductor of the first car.

I do not think that the defendant was liable for the act of the con-
ductor of the first car in charging the plaintiff with an assault.   The
alleged assault occurred in the public street after the conductor had
left his car, and there was nothing to show that the conductor was at
the time of the assault or when he made the charge acting in the course
of his employment, or in the performance of any duty imposed upon
him by the defendant.   The mere fact that the counsel for the con-
ductor before the magistrate was also counsel for the railroad com-
pany does not connect the railroad company with the prosecution so
as to make it liable therefor.

On both these points I think the plaintiff failed to prove facts sufficient to sustain his action, and that the complaint should have been dismissed.

HOUGHTON, J., concurs.