OPINION OF THE COURT
Gabrielli, J.
Plaintiff commenced this action seeking to recover damages for malicious prosecution. He was successful at trial, and was awarded both compensatory and punitive damages. On defendants’ appeal, the Appellate Division, inter alia, reversed the judgment on the law insofar as it awarded punitive damages, and dismissed that part of plaintiffs complaint requesting such damages. The Appellate Division did, however, affirm the findings of fact with respect to defendants’ liability for malicious prosecution. In view of its determination as to the facts, the Appellate Division’s conclusion of law with respect to punitive damages may not stand.
A necessary element of the cause of action for malicious prosecution is "actual malice” (Martin v City of Albany, 42 NY2d 13, 16; Broughton v State of New York, 37 NY2d 451, 457, cert den sub nom. Schanbarger v Kellogg, 423 US 929) or "malice in fact” (Prosser, Torts [4th ed], § 119, p 847). While the requisite malice may be proven by circumstantial evidence (Martin v City of Albany, supra, p 17), and may thus in a sense be denominated "implied” or "inferred” in certain cases, it is far greater than the implied-by-law "malice” which is relevant to a defamation action (see Prosser, Torts [4th ed], §113, pp 771-772; §119, pp 847-849). The "actual malice” element of a malicious prosecution action does not require a plaintiff to prove that the defendant was motivated by spite or *503 hatred, although it will of course be satisfied by such proof. Rather, it means that the defendant must have commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served (Restatement, Torts, § 668; Prosser, Torts [4th ed], § 119, pp 847-849).
It has long been recognized in New York that punitive damages may be awarded in an action for malicious prosecution if the defendant was motivated by actual malice or acted in reckless disregard of the plaintiff's rights (1 Clark, New York Law of Damages, § 70). While the latter phrase might at first seem to imply that something more than the "actual malice” essential to malicious prosecution is needed to support an award of exemplary damages, in fact this is so only in certain cases involving the imposition of vicarious liability (see Samieloff v New York & Queens County Ry. Co., 122 App Div 770; see, generally, 1 Clark, New York Law of Damages, §§ 47-50). In a case such as this, in which liability is to be imposed upon the wrongdoer himself, a finding of liability for malicious prosecution precludes a determination as a matter of law that punitive damages are improper, for the actual malice necessary to support an action for malicious prosecution also serves to justify an award of exemplary damages. "[I]n torts which, like malicious prosecution, require a particular anti-social state of mind, the improper motive of the tortfeasor is both a necessary element in the cause of action and a reason for awarding punitive damages” (Restatement, Torts, Comment c, § 908). Thus, the Appellate Division incorrectly held as a matter of law that plaintiff had no claim for exemplary damages.
This is not to say, of course, that exemplary damages must be awarded in every such action, for the trier of facts is not required to make such an award simply because it may do so (see 14 NY Jur, Damages, § 177). Whether to award punitive damages in a particular case, as well as the amount of such damages, if any, are primarily questions which reside in the sound discretion of the original trier of the facts (see Kujek v Goldman, 150 NY 176, 180; Walker v Sheldon, 10 NY2d 401, 405), in this case the jury, and such an award is not lightly to be disturbed. This does not mean that the Appellate Division or the trial court Judge may never interfere with such a jury award; those courts may, of course, exercise their own discretionary authority to overturn an excessive jury verdict and *504 order a new trial unless the plaintiff will consent to a reduction in amount (see Faulk v Aware, Inc., 19 AD2d 464, affd without opn 14 NY2d 899; Gostkowski v Roman Catholic Church, 237 App Div 640, affd 262 NY 320). We would caution, however, that the amount of exemplary damages awarded by a jury should not be reduced by a court unless it is so grossly excessive "as to show by its very exorbitancy that it was actuated by passion” (1 Clark, New York Law of Damages, § 56, p 102; accord Restatement, Torts, Comment d, § 908; 14 NY Jur, Damages, § 188).
Here, since the Appellate Division erroneously concluded as a matter of law that plaintiff was not entitled to punitive damages, it did not exercise its discretionary authority to review the amount of exemplary damages awarded by the jury to determine whether the verdict was excessive in light of all the facts and circumstances. Thus, rather than simply reinstating the jury verdict, it is appropriate to remand the case to the Appellate Division.
Accordingly, the order of the Appellate Division, insofar as it reversed so much of the judgment of Supreme Court as awarded exemplary damages, and dismissed the claim seeking such damages, should be reversed, and the case remitted to the Appellate Division for review of the award therefor in the exercise of discretion (CPLR 5613), with costs to abide the event.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order, insofar as it reversed so much of the judgment of Supreme Court as awarded exemplary damages and dismissed the claim seeking such damages, reversed and plaintiff’s claim for exemplary damages remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein, with costs to abide the event.