WILLIAM C. RAWLEY, Respondent, *v.* LAWRENCE C. WOODRUFF, Appellant.

2L   419
73 AD 333

(GENERAL TERM, SEVENTH DISTRICT, JUNE, 1869.)

In an action to recover a balance due upon a contract for sale of two separate patented processes, described in a single written agreement, for an entire sum payable in installments.—*Held*, that the vendee was entitled to set-off damages arising out of the vendor's fraudulent representations as to one of the processes, although the other proved to be more valuable than the price paid for both.

APPEAL from judgment entered on report of referee, in favor of the plaintiff.

*C. E. Davis*, for the appellant.

*W C. Rawley*, for the respondent.

Present—E. D. SMITH, DWIGHT and JOHNSON, JJ.

By the Court—DWIGHT, J.  The note in suit was given in part payment for an interest in each of two inventions or processes connected with the manufacture of printing paper. One of the processes was patented; for the other a patent had been applied for.  The former was described in the contract of sale as a patent for an "improved apparatus for bleaching paper pulp;" the latter as a patent (applied for) for the purpose of preparing the straw or other material for the bleaching process.  The defendant asked to set off damages sustained by him by reason of false and fraudulent representations made by the vendor, Farquharson, in relation to the value of the latter of the two inventions.  The referee finds, in substance, that the latter of said inventions or processes was in fact of no value; that if it had been what it was claimed to be, it would have been a very valuable improvement, and worth, if patented, much more than the sum for which this action was brought, and that the defendant gave evidence tending to prove the false and fraudulent representations, alleged, in reference to this process or invention, but that he did not sustain any damage by entering into the contract of purchase, because the other patent was worth more than he agreed to pay for both.  In his first conclusion of law, also, the referee finds that if (assuming that) the defendant was induced to enter into the contract of purchase by the fraudulent representations of Farquharson as to the merits of the discovery he was about to patent, he cannot recoup or set off damages, because none have been sustained by him, the evidence showing, on the contrary, that the agreement, as a whole, was very valuable and beneficial to him.  In this conclusion of law there can be no doubt the referee erred.  It could be arrived at only by adopting an erroneous rule of the measure of damages in actions of this character, viz.: That it is the difference between the actual value of the thing purchased and the price agreed to be paid therefor, whereas the true measure of damages is the difference between the actual value of the

Rawley v. Woodruff.

property and the value which it would have possessed if it had been as represented. (*Muller* v. *Eno*, 14 N. Y., 597.)

Under this rule, it is no answer to the defendant's demand of set-off to say, that he has received greater value in one of the patents purchased, than the price he agreed to pay for both. He was entitled to have the vendor's representations in respect to *each* of the patents, made good to him. The fact, that one of the things purchased, proves to be of greater value, than the price agreed to be paid for it, does not lessen the damage sustained by him, in the failure of the other to answer the recommendation, under which he purchased it.

It is true, as urged by the respondent, that the referee does not expressly find, that there was any false and fraudulent representation, as to the merits and value of the patent applied for, but he bases his omission to find that fact, in the face of evidence tending to show it, upon an erroneous conclusion, that it was immaterial to the issues in the action. Moreover, in the conclusion of law above noticed, he assumes that fact to be proved. He holds, properly, that fraud and damage must concur, to lay the foundation of the recoupment or set-off demanded, and finding, as he does, that no damage has been sustained, he holds it immaterial whether fraud has been committed or not.

The error of the referee consists, not in the omission to find upon the question of fraud, but in the conclusion of law that, admitting the fraud to be established, no damage is shown.

If the two patents or inventions purchased were together worth less than they would have been if each had been what it was represented to be by the seller, then damage has been sustained by the purchaser to the amount of such deficit in value.

All the facts necessary to establish damage are found by the referee, viz.: 1st. That the patent applied for, if it had proved to be what was claimed for it, would have been worth more than $5,000; and, 2d. That in fact it was of no value. It remained, therefore, only to find false and fraudu-

lent representations, by the seller in respect to the value of this invention, to establish the defendant's right to the off-set claimed.

The omission to find upon the fact of fraud might, it is true, have been corrected by motion for a more full report. The error committed consists in the finding that the defendant had sustained no damage.

For this error the judgment should be reversed and a new trial granted.

All concurring.

New trial granted.