OEHLHOF v. SOLOMON et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. ACTION FOR DECEIT—EVIDENCE—ADMISSIBILITY.

In an action against defendants for fraud in the sale of a retail business in representing to plaintiff that the defendants' landlord would assent to the assignment of their lease, whereas in fact he afterwards refused to do so, evidence was admissible that before the transaction in question another party had agreed to buy out the business, and had gone with defendants' son, by their direction, to obtain the landlord's consent, and had been refused; the knowledge of the landlord's attitude by the son being chargeable to defendants, and the evidence tending to show scienter.

2. SAME—RIGHT OF ACTION.

A party buying out defendants' retail business on the representation that their landlord would consent to an assignment of the lease was not obliged to await the commencement of legal proceedings to evict him before moving out, in order to sue defendants for deceit, where, as a matter of fact, the landlord refused to consent, and he had no defense to such proceedings if commenced.

3. SAME—DECEIT OF HUSBAND—LIABILITY OF WIFE.

Where a husband and wife sold out their retail business, the husband fraudulently representing that their landlord would consent to the assignment to the purchaser of their lease, and the wife shared equally with the husband in the proceeds of the sale, she as well as he was liable to the purchaser in an action for deceit.

**4. SAME—EXEMPLARY DAMAGES.**
　　Exemplary damages are not recoverable in an ordinary action for deceit.[1]

　　Appeal from appellate term.

　　Action by Erhard Oehlhof against Herman Solomon and Lena Solomon. From an order of the appellate term reversing a judgment and order of the general term of the city court which affirmed a judgment of that court in favor of plaintiff, the latter appeals. Affirmed. See 74 N. Y. Supp. 1140; 67 N. Y. Supp. 935; 66 N. Y. Supp. 484.

　　Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

　　William S. Bennett, for appellant.
　　Louis Lowenstein, for respondents.

　　LAUGHLIN, J. This is an action to recover damages for deceit. The complaint alleges that on the 7th day of September, 1898, in consideration of the sum of $700 paid by the plaintiff, the defendant agreed to sell and deliver to him a certain retail meat business at No. 430 Amsterdam avenue, together with the good will and store fittings and fixtures, and to assign their lease of the premises; that the defendants represented that their landlord had purchased the premises, and had consented to the transfer of the lease to the plaintiff; that they introduced the plaintiff to a party who represented to him, in the presence of one of the defendants, that he was the authorized agent of the landlord, and stated "that everything would be all right"; that the defendants surrendered possession to plaintiff according to their agreement, but they neglected and refused to assign the lease; that thereafter, and on the 1st of October, 1898, the plaintiff tendered to the landlord the rent reserved in the lease, but was refused on the ground that he had not consented to an assignment of the lease; that subsequently the landlord instituted summary proceedings in the municipal court, Tenth district, against the defendants, who, without notice to plaintiff, made default, and a final order was entered in the usual form on the 14th day of October, 1898, and the plaintiff was obliged on account thereof to remove, and was put to great trouble and expenses in so doing; that said representations with reference to the right of the defendants to assign the lease were false and fraudulent, and were made with the purpose and intent of deceiving the plaintiff, who had no other knowledge of the facts and relied thereon; that by reason of such false representations the plaintiff had suffered damages in the sum of $1,200, for which judgment was demanded.

　　The defendants appeared, and answered separately, putting in issue the material allegations of the complaint with reference to the agreement to assign the lease and the representations concerning their right to assign it. It appeared that the lease to the defendants was for the purpose of conducting a meat and fish market,

　　[1] See Damages, vol. 15, Cent. Dig. § 193 [a, b, d, r, s, y, yy, z], § 194 [h. hh, ii, ss, xx, y, zzz]; Fraud, vol. 23 Cent. Dig. § 63.

that it had nearly three years to run, but that it was not assigna-. ble without the written consent of the landlord.

In behalf of the plaintiff evidence was given tending to show that the defendants agreed to sell and assign the lease to him, but that they failed and neglected to do so. It was shown that on the 1st day of September, 1898, the defendants negotiated a sale of the business and lease to one Bollman for $1,100. After Bollman paid $100 to apply on the purchase price he was accompanied by the defendants' son, by their direction, to obtain the consent of the land-lord to the assignment of the lease. The agent of the landlord with-held the consent, and stated that the latter did not want the butcher business continued there. The son was the agent of the defend-ants for this purpose, and they are chargeable with the knowledge that he obtained as to the attitude of the landlord with reference to the assignment of the lease. Hyatt v. Clark, 118 N. Y. 563–569, 23 N. E. 891. The evidence was competent as tending to show scienter. Ankersmit v. Tuch, 114 N. Y. 51, 20 N. E. 819. Bollman demanded the return of his money, and refused to complete the purchase. The plaintiff heard of this sale, and at his first interview with Herman Solomon inquired why it fell through, and was informed that the purchaser wanted to give his note in payment, which the defendants were unwilling to accept. There was testimony to the effect that, although the lease was freely exhibited to the plaintiff, he was in-duced to refrain from becoming fully familiar with its contents on the representation of Herman Solomon, who, while plaintiff's wife was reading it, said: "You don't need to read any further. I stand good for everything in that lease. I am responsible for that." The evidence also tended to show that the plaintiff was desirous of see-ing the landlord to learn "if there is anything wrong," but was in-duced to refrain from so doing on Herman Solomon's assurance that "you don't need to see the landlord. I saw him myself yesterday, and everything is all right; and, another thing, * * * I own property on this very block, if there is anything wrong, I can be held responsible for it." There was also evidence that at the time of the final payment and delivery of possession the agent of the landlord was sent for, and his clerk came instead. What took place between them is not very clearly stated, but the plaintiff claims, and the inference is not altogether unwarranted, to have been led to believe that the clerk was the agent, and that the purchase of the business and lease by the plaintiff was satisfactory to him. The plaintiff was given a receipt for payment of the purchase price which recited a sale of the fixtures, and an agreement on the part of Solo-mon not to open a similar store within the radius of a mile. The plaintiff conceded that the fixtures alone were worth $500 to remove and sell. The landlord's agent declined to receive the October rent from the plaintiff, and the defendants failed to pay it. Summary proceedings were duly instituted, in which the defendants defaulted, and a final order in the usual form was granted for their removal on October 14th. Although the plaintiff was not a party and could not have been removed under that order, the lease was thereby ter-minated, and he had no right to remain in possession. He accord-

ingly moved out on being notified to vacate the premises. Having no defense to a proceeding or action to recover possession, he was not obliged to remain until the commencement of legal proceedings, and subject himself to damages and costs. Barney v. Dewey, 13 Johns. 224, 7 Am. Dec. 372; Culver v. Avery, 7 Wend. 380, 22 Am. Dec. 586; Ward v. Wiman, 17 Wend. 193.

It is not clear that the evidence would warrant a finding that the respondent Lena Solomon made any false representations or heard those made by her husband; but the property and lease belonged to both defendants, and they shared equally in the proceeds of the sale. Both are therefore liable to· the plaintiff who affirmed the sale and brought this action to recover damages for the fraud and deceit. Bennett v. Judson, 21 N. Y. 238; Krumm v. Beach, 96 N. Y. 398; Mayer v. Dean, 115 N. Y. 556, 22 N. E. 261, 5 L. R. A. 540.

The court instructed the jury that if they found that the false representations with reference to the assignability of the lease and the landlord's consent thereto were made willfully, and with knowledge that they could not be carried out, they might award punitive damages up to the amount of $1,200. To this ruling the defendants excepted. We agree with the learned appellate term that this was error. When a purchase is induced by fraud, ordinarily, whether the action is for tort or for breach of contract, the measure of damages is full compensation for the reasonable, natural, and proximate loss occasioned by the wrong or breach. In the case at bar this would be the difference between what the plaintiff paid and the value of what he received, together with the value of the lease and good will over and above the rent reserved, and any special damage, properly pleaded, for expenditures in moving and storing the chattels for a reasonable time until other premises could be secured. Driggs v. Dwight, 17 Wend. 71, 31 Am. Dec. 283; Sharon v. Mosher, 17 Barb. 519; Rawley v. Woodruff, 2 Lans. 419; Krumm v. Beach, 96 N. Y. 398; Friedland v. Myers, 139 N. Y. 432, 34 N. E. 1055; Hecla Powder Co. v. Sigua Iron Co., 157 N. Y. 437, 52 N. E. 650; Smith v. Bolles, 132 U. S. 125, 10 Sup. Ct. 39, 33 L. Ed. 279; Sigafus v. Porter, 179 U. S. 116, 21 Sup. Ct. 34, 45 L. Ed. 113.

In torts affecting personal rights, and causing humiliation or indignity to one's feelings, damages for such injuries are recoverable, and are deemed compensatory. Vindictive, punitive, or exemplary damages are also recoverable, in the discretion of the jury, in many classes of actions brought to redress a reckless or willful invasion of personal rights, such as libel, slander, assault, seduction, alienation of affections, and numerous others, as a vindication to the indignity of the party whose feelings have been outraged, as a punishment to the defendant, and as an example for the protection of the public and society against a repetition of the wrong by the defendant or others. Voltz v. Blackmar, 64 N. Y. 440. In actions relating to property rights, where the gist of the action is damages resulting from malicious acts in knowingly and willfully committing a trespass, taking or attempting to obtain possession of property by the forms of law or otherwise, interfering with the free use or enjoyment of property, or conspiring to injure one's trade or business, punitive or exemplary

damages may also be recovered. Tifft v. Culver, 3 Hill, 180; Wiley v. McGrath, 194 Pa. 498, 45 Atl. 331, 75 Am. St. Rep. 709; Brizsee v. Maybee, 21 Wend. 144; Cable v. Dakin, 20 Wend. 172; Stiles v. Stiles, 62 Ill. App. 408; Scott v. Donald, 165 U. S. 58–86, 17 Sup. Ct. 265, 41 L. Ed. 632. The rule is stated broadly by the supreme court of the United States that such damages may be awarded generally in actions for tort where the evidence shows that the tort is aggravated "by evil motive, actual malice, deliberate violence, or oppression," and "whenever the injury complained of has been inflicted maliciously or wantonly, and with circumstances of contumely or indignity." Scott v. Donald, supra; Day v. Woodworth, 13 How. 371, 14 L. Ed. 181. We have been cited to no case, however, in our own state, and we find none, where the recovery of exemplary damages has been sustained in an ordinary action for fraud and deceit. The only precedent in this jurisdiction is against the recovery of such damages in this class of actions. Lane v. Wilcox, 55 Barb. 615, cited approvingly in Taylor v. Palmer, 20 Wkly. Dig. 267. In Iron Co. v. Harper, 41 Ohio St. 100, a recovery of exemplary damages was sustained in an action for deceit where an agent obtained goods from his principal for his own benefit after a material advance in the market price, on false representations that he had sold the same before obtaining knowledge of such advance in price. In our courts the practice has been to confine the damages in actions for deceit to compensatory damages. We think that rule should be adhered to, except perhaps where the wrong involves some violation of duty springing from a relation of trust or confidence, or presents other extraordinary or exceptional circumstances, clearly indicating malice and calling for an extension of the doctrine.

The facts of this case are not of such a character. We have carefully analyzed and stated the material evidence, because, as these authorities indicate, the question depends entirely upon the nature of the evidence. At most, this record only presents an ordinary case of an attempt to effect a sale by misleading the purchaser, and assuming the hazard of having the sale rescinded or of responding in damages for the false representations. The defendants themselves had the right to use the premises as a meat and fish market during the remainder of the leasehold term. The landlord was apparently taking an undue advantage of their desire to sever their personal connection with the business. There is nothing to indicate malice toward the plaintiff. The facts are all consistent with a willingness on the part of the defendants that he should succeed in the venture, and they doubtless believed that the landlord would acquiesce when the sale was consummated. Although the representations were false, and may have been fraudulent, there is no evidence of contempt for the rights of the plaintiff or of society. This erroneous instruction necessitates a new trial.

The order should be affirmed, with costs to respondent to abide the event. All concur; VAN BRUNT, P. J., in result.