**Roland BROWN and Walter Brown, Plaintiffs,**

v.

**Joseph P. BODAK, Defendant.**

United States District Court
S. D. New York.
Nov. 14, 1960.

Joseph & Ruggero, New York City, for plaintiffs.

Tropp & Steinbock, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

Defendant has moved to dismiss the complaint for lack of jurisdiction over the subject matter in this negligence action brought by the plaintiffs, in which jurisdiction is premised on diversity of citizenship. In the complaint, plaintiff Roland Brown seeks to recover damages in the sum of $10,500 for personal injuries, and plaintiff Walter Brown seeks $269.03 for property damage allegedly incurred in the same accident. Defendant contends that each of these claims must be dismissed on the ground that the requisite jurisdictional amount in controversy ($10,000) is not present. See 28 U.S.C. § 1332(a).

Originally, plaintiff Walter Brown brought the action alone, claiming personal injuries of $8,500 and property damage of $175, for a total of $8,675. Then, pursuant to leave granted by the Court, an amended complaint was served, in which Roland Brown asserted a claim for personal injuries for $8,500, with Walter Brown reasserting the property damage claim, although raising the amount claimed to the present figure, $269.03. When it later appeared that the jurisdictional amount was insufficient, the complaint was dismissed with leave to serve an amended complaint. Finally, a second amended complaint, the one in question here, was served, with Roland Brown now claiming damages for personal injuries in the sum of $10,500.

The Supreme Court enunciated the test to be applied in determining whether the requisite jurisdictional amount is present in St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845. The Court said:

"But if * * * it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed * * * and that his claim was therefore colorable *for the purpose of conferring jurisdiction*, the suit will be dismissed." (Emphasis supplied.)

The question is, then, whether the plaintiff is legitimately and honestly claiming that the amount of his damages exceeded the jurisdictional amount, or whether his claim is solely for the purpose of attaining federal jurisdiction. It is clear that this inquiry is not foreclosed merely because the plaintiff bases a portion of his claim for damages upon an allegation of pain and suffering; the court must still determine the good faith of these allegations. See Turner v. Wilson Line of Massachusetts, 1 Cir., 1957, 242 F.2d 414, 419; Leehans v. American Employers Ins. Co., 5 Cir., 1959, 273 F.2d 72. The inquiry should be a careful one, in light of the clear Congressional policy, expressed at the time of the recent amendment raising the requisite jurisdictional amount requirements. It was the intention of Congress to remove from the federal courts claims insubstantial in character, which contributed to the mounting backlogs of these courts. See 1958 U.S.Code Congressional and Ad-

ministrative News pp. 2594–95. If plaintiffs could avoid the jurisdictional amount requirements merely by alleging damages in excess of the jurisdictional amount, the purpose of this amendment would be largely negated.

Upon examining the affidavits in the instant case, I have reached the conclusion that plaintiff Roland Brown's claim of $10,500 damages for personal injuries is a colorable one, asserted for the sole purpose of conferring federal jurisdiction. The accident involved here took place on September 14, 1958. Plaintiff's injuries resulting from the accident appear to be insubstantial. Plaintiff testified in his examination before trial that, immediately after the accident, he was able to push his car to a filling station, and also to pull up the fender of the car so that it could operate. He then completed his trip, driving for approximately another eight hours. His total medical bill at the time of the accident was only $60, and his total disability was only two weeks. Plaintiff alleges only an additional several weeks loss of work in the two-year period subsequent to his return to work.

On April 15, 1959, nine months after the accident, the first complaint in this action was filed, with Walter Brown as the sole plaintiff. Personal injury damages were fixed at $8,500. Several months later, the plaintiff moved to amend the complaint on the ground that Roland Brown rather than Walter Brown had sustained the personal injuries. This motion was granted, and on October 20, 1959 an amended complaint was served. Although the plaintiff thus had six additional months since the service of the first complaint in which to reconsider the extent of his injuries, and more than one year had elapsed since the accident, he nevertheless still fixed his damages at $8,500. It was not until some eight months later that the plaintiff's attorney, during the course of argument on a mo-

tion in this action, unrelated to the instant motion, realized that the requisite jurisdictional amount was lacking. Only then, although almost two years had elapsed since the accident, and although the plaintiff had been afforded several opportunities to consider the extent of his damages, was an amended complaint alleging $10,500 damages served. It is noteworthy that this was done, not as the result of any advice from plaintiff's doctor that plaintiff's injuries had increased in severity, but rather because plaintiff's attorney had discovered that the jurisdictional amount was lacking. Moreover, there is nothing in the plaintiff's affidavit, or the affidavit of his physician, Dr. John J. Alifano, to indicate that plaintiff's condition worsened in any way at the time of this latest amendment. Thus, it seems clear beyond dispute that the amendment was solely for the purpose of enabling him to remain in the federal courts. Congress gave considerable attention to the recent jurisdictional amendment, and its purpose in enacting this legislation is not to be thwarted by the plaintiff merely playing a numbers game and adjusting these numbers to suit his convenience. Therefore, I conclude that plaintiff Roland Brown's claim must be dismissed.[1]

Little need be said with regard to the property damage claim of plaintiff Walter Brown in the sum of $269.03; this is patently below the requisite jurisdictional amount. And it is well settled that, unless the claims are of a joint nature, which these claims clearly are not, separate plaintiffs cannot aggregate their claims so as to attain the jurisdictional amount. Each plaintiff's claim must itself reach that amount. See, e. g. Pinel v. Pinel, 1916, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95, certiorari denied 1941, 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520; Black & Yates v. Mahogany Ass'n, 3 Cir., 129 F.2d 227, 236, 148 A.L.R. 841, certiorari denied

---

1. This will not cause the plaintiff any undue hardship. He can still bring his action in the state courts, since it appears that the Statute of Limitations has not yet expired.

1942, 317 U.S. 672, 63 S.Ct. 76, 87 L.Ed. 539.

Defendant's motion to dismiss the complaint is granted.  So ordered.