Fuld, J.
This appeal, here by permission of the Appellate Division on a certified question, calls upon us to decide whether punitive damages may be allowed in a fraud and deceit action.
The complaint alleges that the plaintiff was induced to enter into a contract with the defendant Comet Press and pay it $1,380 by means of a number of false and fraudulent representations made by the individual defendants who are officers of Comet. The representations, as well as the respects in which they are false, are set forth at some length. The complaint also alleges that the misrepresentations were made ‘ ‘ in the regular course of [defendants’] business, and as the basis of their business knowing that plaintiff would, as others similarly situated had in the past, act upon said representations ’ ’. Consequently, the plaintiff seeks, in addition to compensatory damages of $1,380, punitive damages in the amount of $75,000.
The defendants moved to strike certain allegations of the complaint as irrelevant and prejudicial (Bules Civ. Prac., rule 103). The court at Special Term denied the motions in their *404 entirety and the Appellate Division, although it modified the resulting orders by directing that some of the recitals be stricken, upheld the allegations which relate to punitive damages.
It was the conclusion of the Appellate Division that, if the plaintiff is able to prove (what in effect she alleges) that the defendants were engaged in carrying on “ a virtually larcenous scheme to trap generally the unwary ”, a jury would be justified in granting punitive damages. We agree with that view.
Punitive or exemplary damages have been allowed in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future. (See, e.g., Toomey v. Farley, 2 N Y 2d 71, 83; Krug v. Pitass, 162 N. Y. 154, 161; Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25, 28; Oehlhof v. Solomon, 73 App. Div. 329, 333-334.)[1] Moreover, the possibility of an award of such damages may not infrequently induce the victim, otherwise unwilling to proceed because of the attendant trouble and expense, to take action against the wrongdoer. Indeed, such self-interest of the plaintiff has been characterized as ‘ ‘ Perhaps the principal advantage ” of sanctioning punitive damages because it “leads to the actual prosecution of the claim for punitive damages, where the same motive would often lead him to refrain from the trouble incident to appearing against the wrongdoer in criminal proceedings ”. (McCormick, Damages [1935], pp. 276-277.) The list of actions in which punitive damages have been permitted in this State is long (see, e.g., Toomey v. Farley, 2 N Y 2d 71, supra [libel]; Gostkowski v. Roman Catholic Church, 262 N. Y. 320 [desecration of a grave]; Pickle v. Page, 252 N. Y. 474, affg. 225 App. Div. 454, 459-460 [forcible abduction of a minor child]; Kujek v. Goldman, 150 N. Y. 176, 179 [fraud and deceit]; see, also, 1 Clark, New York Law of Damages [1925], p. 104; McCormick, Damages [1935], pp. 286-287; Note, 70 Harv. L. Rev. 517), for, as this court observed in the Hamilton case (53 N. Y. 25, 30, supra), “ It is not the form of the action that gives *405 the right to the jury to give punitory damages, but the moral culpability of the defendant.”
Although they have been refused in the “ ordinary” fraud and deceit case (Oehlhof v. Solomon, 73 App. Div. 329, 334, supra), we are persuaded that, on the basis of analogy, reason and principle, there may be a recovery of exemplary damages in fraud and deceit actions where the fraud, aimed at the public generally, is gross and involves high moral culpability. And this court has — in line with what appears to be the weight of authority (see, e.g., Bell v. Preferred Life Soc., 320 U. S. 238; Day v. Woodworth, 13 How. [54 U. S.] 363, 371; Greene v. Keithley, 86 F. 2d 238, 241; Laughlin v. Hopkinson, 292 Ill. 80; Whitehead v. Allen, 63 N. M. 63; Saberton v. Greenwald, 146 Ohio St. 414; Craig v. Spitzer Motors, 109 Ohio App. 376; Ann., 165 A. L. R. 614) — sanctioned an award of such damages in a fraud and deceit case where the defendant’s conduct evinced a high degree of moral turpitude and demonstrated such wanton dishonesty as to imply a criminal indifference to civil obligations. (See Kujek v. Goldman, 150 N. Y. 176, supra; see, also, Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25, 28, supra.) In the Kujek case (150 N. Y. 176, supra), the plaintiff married Katy Moritz — a domestic employed in the family of the defendant, by whom she had become pregnant — in reliance upon the defendant’s fraudulent representation that Katy was ‘ ‘ a virtuous and respectable woman ’ ’. After noting that the plaintiff had sustained actual damages, the court went on to hold that ‘1 as the wrong involved not only malice but moral turpitude also, in accordance with the analogies of the law upon the subject, the jury had the right to make the damages exemplary” (p. 179).[2] These exemplary damages, the court declared, were left to the jury ‘ ‘ in their sound discretion * * * to amplify the damages [actually caused] by way of punishment and example ” (p. 180).[3]
*406 Exemplary damages are more likely to serve their desired purpose of deterring similar conduct in a fraud case, such as that before us, than in any other area of tort. One who acts out of anger or hate, for instance, in committing assault or libel, is not likely to be deterred by the fear of punitive damages. On the other hand, those who deliberately and cooly engage in a far-flung fraudulent scheme, systematically conducted for profit, are very much more likely to pause and consider the consequences if they have to pay more than the actual loss suffered by an individual plaintiff. An occasional award of compensatory damages against such parties would have little deterrent effect. A judgment simply for compensatory damages would require the offender to do no more than return the money which he had taken from the plaintiff. In the calculation of his expected profits, the wrongdoer is likely to allow for a certain amount of money which will have to be returned to those victims who object too vigorously, and he will be perfectly content to bear the additional cost of litigation as the price for continuing his illicit business. It stands to reason that the chances of deterring him are materially increased by subjecting him to the payment of punitive damages.
It may be difficult to formulate an all-inclusive rule or principle as to what is an appropriate case for the recovery of punitive damages, but it is our conclusion that the allegations of the complaint before us, if proved, would justify such an award. The pleading charges that defrauding the general public into entering publishing contracts, such as the one involved in the present case, was the very basis of the defendants’ business. What is asserted is not an isolated transaction incident to an otherwise legitimate business, but a gross and wanton fraud upon the public. It follows, therefore, that the courts below were thoroughly justified in refusing to strike the allegations which pertain to punitive damages.
The orders of the Appellate Division should be affirmed, with costs, and the question certified as to each order answered in the affirmative.

. Although punitive damages have been the subject of strong criticism, “the great majority of states retain the doctrine * * * in full force”. (Note, 70 Harv. L. Rev. 517, 518.)

. As to the contrary opinion expressed by the court in Toho Bussan Kaisha, Ltd., v. American President Lines (265 F. 2d 418), we need simply say that it reflects an erroneous view of the law of this State.

. It should, perhaps, be observed that, since an award of punitive damages — in a case where they may properly be allowed—rests in the “ sound discretion” of the jury (Kujek v. Goldman, 150 N. Y., at p. 180), it is subject to court review. (Cf. Gostkowski v. Roman Catholic Church, 262 N. Y. 320, 325, supra; Toomey v. Farley, 2 N Y 2d 71, 83-84, supra; Van Siclen v. Bush, 254 App. Div. 851, affid. 279 N. Y. 753.)