**Robin Sue OXMAN, an infant under the age of 14 years, by her Guardian ad Litem Herbert Oxman, and Herbert Oxman, Individually, Plaintiffs,**

v.

**HELLENE PESSL INC. and Bourjours, Inc., Defendants.**

**No. 63 Civ. 2310.**

United States District Court
S. D. New York.

Jan. 3, 1968.

Arthur D. Spatt, New York City, for plaintiffs.

Fogarty & Nielsen, New York City, Tidal Henry, Jr., New York City, of counsel, for defendants.

### MEMORANDUM

LEVET, District Judge.

The above action relates to claims by plaintiffs in the nature of product liability based upon the contention that a certain product known as "Little Lady Toilet Water," when applied by a three-year-old infant, Robin Sue Oxman, above named, injured the said infant's left eye.

## I.

Three causes of action are brought by the guardian ad litem, Herbert Oxman, upon behalf of the infant, and another derivative cause of action is alleged by plaintiff Herbert Oxman as the father of the said infant in paragraphs 30 through 33 of the complaint.

In the first cause of action on behalf of the infant-plaintiff damages are asserted in the sum of $25,000; similarly in the second and third causes of action. In paragraph 22 of the complaint the infant-plaintiff demands punitive damages in the sum of $25,000.

On December 27, 1967 the court, sua sponte, conducted an inquiry with respect to the sufficiency of the complaint, in the course of which counsel for the infant-plaintiff stated that the child sustained a heratoconjunctivitis. The child, then three years of age, according to counsel had to have some injections of ACTH plus some ointment every few hours and then at the end of two weeks the injury got better and six weeks later it was entirely cleared up (SM 7). No permanencies of any kind are claimed.

The date of the injury was September 14, 1961 (SM 8). The complaint was not filed until August 2, 1963, at which time the child had long since recovered. Counsel conceded that a demand was subsequently made for $2,000, which was later reduced to $1,000 (SM 9). It was never higher than $2,000 (SM 10).

The court was in error at the hearing in stating that punitive damages were not prayed for in the complaint as such a demand was contained in paragraph 22. However, when asked at the hearing, counsel could neither state any basis for awarding punitive damages nor give any statement at all as to how punitive damages could be obtained. An award of punitive damages is plainly unwarranted. See Roginsky v. Richardson-Merrell, Inc., 378 F.2d 832 (2nd Cir. 1967).

It appears from the above that by no manner of means could the claim of the infant-plaintiff ever have been sufficient to demonstrate jurisdiction under Title 28 U.S.C.A. § 1332(a).

## II.

The claim of the plaintiff-father, Herbert Oxman, for medical care and attention, etc. alleges that he has been damaged in the sum of $5,000 (see paragraph 33 of the complaint).

Paragraph 7 of the pretrial order, which was approved by plaintiffs' counsel, is as follows:

"7. The following are all of the claims for damages or for other relief asserted by the plaintiff in this action, as of the date of this conference:

Medical and hospital expenses
heretofore incurred:      $50.00      Pain and suffering: $10,000.

Other damages: punitive damages are prayed for."

———◆———

Of the items set forth in paragraph 7 of the pretrial order, the only claim pertaining to damages suffered by the father, Herbert Oxman, is the medical and hospital expenses heretofore incurred, $50.00. Although punitive damages are allegedly sought in the so-called "Second Cause of Action" (see paragraph 22), no punitive damages are sought in the cause of action alleged by the father, Herbert Oxman. Obviously, the father had no pain or suffering. The total alleged in the father's pleading is $5,000.-00.

Clearly this claim is insufficient under Title 28 U.S.C.A. § 1332(a). Therefore, the court, sua sponte, also raises the question of subject matter jurisdiction

of this claim under Section 1332(a) of Title 28 U.S.C.A., which affords jurisdiction in civil actions only "where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs  *  *  *."

In Payne v. State Farm Mutual Automobile Insurance Co., 266 F.2d 63, 65 (5th Cir. 1959), Wisdom, Circuit Judge, wrote as follows:

> "When a father sues in his own behalf and in behalf of his minor child each claim, the claim of the father and the claim of the child, must satisfy the requirement of jurisdictional amount.  Mitchell v. Great American Indemnity Co., D.C.La.1950, 87 F. Supp. 961.  See also Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 86, 43 S.Ct. 480, 67 L.Ed. 871.  *  *  *"

The Fifth Circuit in that case affirmed the determination made in the court below by Hon. J. Skelly Wright, then District Judge for the Eastern District of Louisiana and now a Judge of the United States Circuit Court of Appeals for the District of Columbia.

As already enunciated, the plaintiffs in this case are not permitted to aggregate their claims.  Arnold v. Troccoli, 344 F.2d 842, 843 (2nd Cir. 1965), note 1; Hackner v. Guaranty Trust Co. of New York, 117 F.2d 95 (2nd Cir.), cert. denied, 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941) and Rompe v. Yablon, 277 F.Supp. 662 (S.D.N.Y.1967).

It is patent from the above that the father, Herbert Oxman, does not allege facts sufficient to constitute jurisdiction and it is likewise clear that in good faith he never could have proved the requisite amount to justify jurisdiction in this court.  In fact, the complaint is a confession of lack of jurisdiction ab initio.

Under the circumstances the claims of the infant-plaintiff and the claims of the plaintiff-father are insufficient to establish diversity jurisdiction.  These claims must be and hereby are dismissed with costs.

So ordered.