**DUPONT GALLERIES, INC., Plaintiff,**

v.

**INTERNATIONAL MAGNE–TAPE, LTD.**
**and Manuel E. Kopelman, Defendants.**

**No. 68 Civ. 3540.**

United States District Court
S. D. New York.

May 21, 1969.

16. N.T. 177–185 (September 4, 1957).

**1180** 

Solomon E. Antar, Brooklyn, for plaintiff.

Morris W. Primoff, New York City, for defendants; Irwin M. Taylor, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

The question presented by this motion is whether the plaintiff has stated a cause of action against the defendants which satisfies the jurisdictional requirements of 28 U.S.C. § 1332 (1964). It is conceded that diversity of citizenship exists. The issue is whether the $10,000 jurisdictional amount is met. Plaintiff in his complaint alleges $4,000 actual damages and, in addition, claims punitive damages in the amount of $12,000.

 It is well settled that punitive damages may be added to actual damages to attain the jurisdictional minimum. *See, e. g.,* Bell v. Preferred Life Assur. Soc'y, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); Ringsby Truck Lines, Inc. v. Beardsley, 331 F.2d 14 (8th Cir.

1964); Davenport v. Mutual Benefit Health & Accident Ass'n, 325 F.2d 785, 787 (9th Cir. 1963); Dixon v. Northwestern National Bank, 276 F.Supp. 96, 103 (D.Minn.1967); 1 J. Moore, Federal Practice, 10.93 [4] (2d ed. 1964). However, if under the applicable state law it would be legally impossible to recover exemplary damages, they may not be considered in determining whether the requisite amount in controversy is involved. *Id.*

Consequently, jurisdiction is established in the case at bar only if punitive damages are recoverable for the cause of action pleaded. Because this is a diversity case, we are required to follow the state law of New York. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Defendants claim that, because this action is one for ordinary common law deceit, punitive damages are not recoverable under the applicable New York state law. Plaintiff, on the other hand, asserts that punitive damages are properly recoverable in this suit for a deliberate fraud because—as plaintiff's counsel argues, though the allegation is not in the complaint—the fraud was perpetrated with malicious intent.

 As a general rule, the measure of damages in a tort action under New York law is out-of-pocket loss. Toho Bussan Kaisha, Ltd. v. American President Lines, Ltd., 265 F.2d 418, 421, 76 A.L.R.2d 1344 (2d Cir. 1959); Hanlon v. Macfadden Publications, Inc., 302 N.Y. 502, 511, 99 N.E.2d 546, 24 A.L.R.2d 733 (1951); Reno v. Bull, 226 N.Y. 546, 552–553, 124 N.E. 144 (1919); Oehlhof v. Solomon, 73 App.Div. 329, 76 N.Y.S. 716 (1902). Exemplary damages are awarded only where the tortious conduct is " * * * morally culpable, or is actuated by evil and reprehensible motives, * * *." Walker v. Sheldon, 10 N.Y.2d 401, 404, 223 N.Y.S.2d 488, 490, 179 N.E.2d 497, 498 (1961). *See* 14 N.Y. Jur. Damages § 180 (1960). Thus, in "classes of action brought to redress a reckless or willful invasion of personal rights, such as libel, slander, assault, se-

duction, alienation of affections * * * ", Oehlhof v. Solomon, *supra*, 76 N.Y.S. at 719, and the like, the New York courts allow recovery to punish the defendant and to deter him and others from engaging in "morally culpable" conduct.

In tort actions relating to property, punitive damages may be recovered where the injury sustained results from the malicious and wilful acts of the defendant. Oehlhof v. Solomon, *supra*, 76 N.Y.S. at 719. But in the "ordinary" fraud and deceit case, exemplary damages are not awarded under New York law "except perhaps where the wrong involves some violation of duty springing from a relation of trust or confidence or presents other *extraordinary or exceptional circumstances* clearly indicating malice and calling for an extension of the doctrine." *Id.* at 720, (emphasis added); *accord*, Walker v. Sheldon, *supra*, 10 N.Y.2d at 405, 223 N.Y.S.2d 488, 179 N.E.2d 497.

In a recent case, New York's highest court expressed its view as to what type of extraordinary circumstances and malice in a fraud action will warrant the imposition of punitive damages:

"There may be a recovery of exemplary damages in fraud and deceit actions where the fraud, aimed at the public generally, is gross and involves high moral culpability. And * * * where the defendant's conduct evinced a high degree of moral turpitude and demonstrated such wanton dishonesty as to imply a criminal indifference to civil obligations."

Walker v. Sheldon, *supra*, 10 N.Y.2d at 405, 223 N.Y.S.2d at 491, 179 N.E.2d at 499. Punitive damages were thus properly awarded, notes the New York Court of Appeals, where the defendant fraudulently induced the plaintiff to marry a domestic employed by the defendant's family. *See* Kujek v. Goldman, 150 N.Y. 176, 44 N.E. 773, 34 L.R.A. 156 (1896) (" * * * the wrong involved not only malice but moral turpitude also, * * *." 150 N.Y. at 179, 44 N.E. at 774).

In Walker v. Sheldon itself, the court held that proof "that the defendants were engaged in carrying on 'a virtually larcenous scheme to trap generally the unwary'," would warrant an award of punitive damages. Treating the facts of that case differently from the ordinary fraud case, the court isolated the salient distinguishing characteristics of the fraud in question in the following manner:

"The pleading charges that defrauding the general public into entering publishing contracts, such as the one involved in the present case, was the very basis of the defendants' business. What is asserted is not an isolated transaction incident to an otherwise legitimate business, but a gross and wanton fraud upon the public."

10 N.Y.2d at 406, 223 N.Y.S.2d at 492, 179 N.E.2d at 500.

It is clear that the conduct complained of must either affect the public generally or involve a gross departure from moral behavior before the fraud is considered extraordinary enough to warrant the imposition of exemplary damages. (It has been held that wilful removal of a judgment debtor's property from the reach of an execution does not fall within this category of frauds. James v. Powell, 19 N.Y.2d 249, 279 N.Y.S.2d 10, 225 N.E.2d 741 (1967).) *See also* Canales v. Stuyvesant Ins. Co., 10 Misc.2d 583, 172 N.Y.S.2d 729 (1958).

Plaintiff alleges in its complaint that, in exchange for goods sold and delivered, defendant corporation, on June 15, 1967, issued a note payable to plaintiff's order in the sum of $4,000, personally endorsed by the individual defendant and payable on September 5, 1967; that upon presentation, the note was returned for insufficient funds, and that defendant corporation has persisted in refusing to satisfy it. Plaintiff further alleges that defendant did falsely and fraudulently represent to plaintiff that it had sufficient funds in its bank account to make the note; that in fact at that time there were insufficient funds in the

bank account; that the representations were made with intent to deceive the plaintiff into parting with its property; that plaintiff relied on these representations and was thereby induced into entering into a contract with defendant; and that at the time the note was issued defendant did not have any intention of paying for the merchandise but had the intention of wilfully defrauding plaintiff.

Plaintiff has stated a classic case of fraud and deceit by alleging the requisite elements; false representations; scienter; intention to induce action; justifiable reliance; and damages. W. Prosser, Torts § 100(3d ed. 1964).

Although the complaint alleges a wilful intent to defraud plaintiff, it is clear from the pleading that plaintiff is simply complaining of the fact that defendants deliberately incurred an obligation which they had no intention of satisfying. The complaint does not even allege "malice". The mere fact that defendants may have done this with intent to deceive plaintiff does not place the wrongdoing in the category of frauds which involve "moral turpitude". Nor does the complaint allege that the fraud was in some manner "aimed at the public generally".

Plaintiff directs our attention to many lower court cases in New York which state the general proposition that where malice is alleged and proven, punitive damages will be recoverable in a tort action. Some of the cited cases involve the application of this general principle to torts other than deceit, e.g., Douglas v. Tomkins Realty Corp., 28 Misc.2d 192, 210 N.Y.S.2d 550 (1961) (reckless behavior resulting in physical injury); Krug v. Pitass, 162 N.Y. 154, 56 N.E. 526 (1900) (libel).

■ It is not the function of this Court to reconcile apparently inconsistent applications of New York law by lower courts; and to the extent that any of the other cases cited by plaintiff depart from the rule enunciated by the New York Court of Appeals with regard to the standard to be applied in a cause of action for deceit, they are neither persuasive nor binding upon this Court.

■ The Court is not considering a formalistic defect in plaintiff's pleading. We hold that the allegations of the complaint do not, as a matter of New York substantive law, describe the type of deceit for which punitive damages are legally recoverable. If the Court were to accept the present complaint as sufficient to withstand a motion to dismiss for lack of subject matter jurisdiction, the door would be opened for plaintiffs in deceit actions involving non-resident defendants to manufacture the jurisdictional amount through the device of pleading punitive damages and thereby gain unwarranted access to the federal courts. Cf. Kramer v. Caribbean Mills, 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969).

Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is hereby granted.

So ordered.