Joseph FRITZ, for himself and on behalf of all other persons similarly situated, Plaintiff,

v.

**WARNER–LAMBERT PHARMACEUTI-CAL COMPANY, Defendant.**

**Civ. A. No. 72 C 165.**

United States District Court, E. D. New York.

Oct. 18, 1972.

Bernard Hanft, New York City, for plaintiff.

Donald J. Zoeller, Mudge, Rose, Guthrie & Alexander, New York City (John J. Kirby, Jr., and John B. Sherman, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Defendant moves to dismiss the amended complaint under Rule 12(b)(1), F.R.Civ.P., on the ground of lack of jurisdiction over the subject matter, asserting that the matter in controversy does not exceed the sum of $10,000 exclusive of interests and costs. Since this court's jurisdiction is grounded solely on the diverse citizenship of the parties, compliance with the jurisdictional amount requirement is critical. 28 U.S.C. § 1332(a).

Plaintiff, according to the amended complaint, is a citizen of New York and defendant a Delaware corporation having its principal office and place of business in New Jersey. The action is brought as a class action seeking to recover $75 in compensatory damages and $50,000 in punitive damages for plaintiff and similar punitive damages for each of "several million" unnamed purchasers of defendant's "mouthwash preparation", Listerine, during the past five years. The alleged basis for this demand is plaintiff's claim that defendant deliberately induced him and other members of the general public to purchase Listerine by means of representations which defendant knew to be "false and deceitful".

Specifically, the amended complaint alleges, defendant represented that "the use of 'Listerine' (a) will cure colds and or sore throats (b) will prevent colds and sore throats (c) will cause colds and sore throats to be less severe than they otherwise would be (d) that the ability of 'Listerine' to kill germs is of medical significance in the prevention cure or treatment of colds or sore throats" [sic]. These representations allegedly appeared on product packaging and labels and also in nationwide print advertisements and television broadcasts. The representations were made, it is claimed, even though defendant knew its own studies and tests conducted in the period 1967 through 1970 do not support them. Plaintiff therefore demands judgment "in an amount representing the total purchase price of the Listerine purchased during the past five year [sic], amounting in the case of the individual plaintiff to $75.00" and the aforesaid $50,000 in punitive damages "for each member of the class" including plaintiff.

No allegation is made that plaintiff suffered any bodily harm from using Listerine. The only injury claimed is plaintiff's pecuniary loss of $75 over the five-year period during which he continued to purchase a mouthwash product that allegedly did not perform according to the advertising claims defendant made for it. The federal jurisdictional amount is sought to be met, therefore, almost wholly upon the demand for punitive damages.

■ ■ Although punitive damages may be added to actual damages to attain the jurisdictional minimum, Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); Dupont Galleries, Inc. v. International Magne-Tape, Ltd., 300 F.Supp. 1179, 1180 (S.D.N.Y.1969), "a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction" need not be accepted. Zahn v. International Paper Company, (2 Cir., 1972), 469 F.2d 1033, 1034, n. 1. "Indeed, in computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Id.* Moreover, it is settled that the court's discretion may be exercised on the basis of the pleadings and that the burden is on the plaintiff to satisfy the court that the jurisdictional amount is really and substantially involved. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188–189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). See also *Dupont Galleries, supra.* In the court's opinion plaintiff here has not met that burden.

■ Since a federal court must look to state law to determine the nature and extent of the right to be enforced in a diversity case, the punitive or exemplary damages claimed must be recoverable under the applicable state law. *Dupont Galleries, supra*; Schwartz v. Victory Container Corp., 294 F.Supp. 866, 867 (S.D.N.Y.1969). The parties agree that New York law governs the substantive aspects of plaintiff's claim but sharply disagree as to whether New York would allow an award of punitive damages for the fraud and deceit alleged in the amended complaint.

Plaintiff places principal reliance on the leading New York case of Walker v. Sheldon, 10 N.Y.2d 401, 223 N.Y.S.2d 488, 179 N.E.2d 497 (1961), which recognized the right to punitive damages in certain actions for fraud and deceit. In

that case the New York Court of Appeals acknowledged the difficulty of formulating "an all-inclusive rule or principle as to what is an appropriate case for the recovery of punitive damages", 10 N.Y.S.2d at 406, 223 N.Y.S.2d at 492, 179 N.E.2d at 499. The essential requirements, however, appear in the following passage of the Court's opinion (10 N.Y. 2d at 405, 223 N.Y.S.2d at 491, 179 N. E.2d at 498–499):

> "Although they have been refused in the 'ordinary' fraud and deceit case (Oehlhof v. Solomon, 73 App.Div. 329, 334, 76 N.Y.S. 716, 719, supra), we are persuaded that, on the basis of analogy, reason and principle, there may be a recovery of exemplary damages in fraud and deceit actions where the fraud, aimed at the public generally, is gross and involves high moral culpability. And * * * where the defendant's conduct evinced a high degree of moral turpitude and demonstrated such wanton dishonesty as to imply a criminal indifference to civil obligations."

As pointed out by Judge (now Chief Judge) Friendly in Roginsky v. Richardson-Merrell, Inc., 378 F.2d 832, 843 (2 Cir. 1967), permeating the New York rule is the requirement that the conduct which "will give rise to punitive damages must be close to criminality * * *." That was precisely the conduct apparent on the face of the complaint in *Walker.*[1]

■ No such conduct is apparent from the allegations of this complaint. Although plaintiff stresses that the advertising and labeling of Listerine was "aimed at the public generally", it is plain that what is asserted involves a claim of ordinary fraud; *i. e.*, the making of knowingly false representations to induce the purchase of defendant's product. See *Dupont Galleries, supra* at 1182. For such fraud, if proved, plaintiff would be entitled under New York

---

1. See Papers on Appeal, pp. 24–39, Records and Briefs, New York State Court of Appeals, Vol. 16, 10 N.Y.2d 385–410.

law to recover only compensatory damages.

Federal jurisdiction is also lacking under federal standards although the question was not raised. In such a case, "it is the duty of the court, when it shall appear to its satisfaction that the suit does not really and substantially involve the necessary amount to give it jurisdiction, to dismiss the same, and this the court may do whether the parties raise the question or not." *McNutt, supra* at 186–187, 56 S.Ct. at 784. See also Wright, Federal Courts, § 7, at 16 (2d ed. 1970).

■■ The guiding federal principle is that "the sum claimed by the plaintiff controls if the claim is *apparently made in good faith*." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) [emphasis supplied]. A claim for damages in the jurisdictional amount is not made in good faith, if it appears colorable, that is, without basis in the facts alleged and made solely for the purpose of obtaining federal jurisdiction. Arnold v. Troccoli, 344 F.2d 842 (2 Cir. 1965); Ramirez v. Knox, 330 F.Supp. 687 (S.D.N.Y.1971); Elfand v. Widman, 284 F.Supp. 498 (S.D.N.Y. 1968); Oxman v. Hellene Pessl, Inc., 279 F.Supp. 65 (S.D.N.Y.1968); Brown v. Bodak, 188 F.Supp. 532 (S.D.N.Y. 1960). And where, as already noted, jurisdiction depends almost entirely upon a claim for punitive damages, that claim must be subjected to close scrutiny. *Zahn, supra*; Gauldin v. Virginia Winn-Dixie, Inc., 370 F.2d 167, 171 (4 Cir. 1966).

■ Here, plaintiff's original complaint demanded punitive damages of only $5,000—an amount clearly insuffi-cient to sustain federal jurisdiction. When defendant moved to dismiss that complaint for lack of jurisdiction, calling attention to the rule that class action claims cannot be aggregated for purposes of satisfying the jurisdictional minimum, Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), plaintiff responded to the motion by filing an amended complaint which increased the punitive damage demand to $50,000.

In Brown v. Bodak, *supra*, Judge (now Circuit Judge) Kaufman dismissed an action for failure to meet the jurisdictional minimum where the amount of damages claimed was raised to exceed $10,000 after the filing of the complaint. He found, in particular, that the increased damages were sought "not as the result of any advice from plaintiff's doctor that plaintiff's injuries had increased in severity, but rather because plaintiff's attorney had discovered that the jurisdictional amount was lacking", *Brown, supra* at 534. Thus, while developments occurring during the pendency of an action may often warrant an increase in the damages claimed, *Brown* implies that some justification must be discernible for an amendment to the ad damnum clause. This is particularly true in an action like this one where punitive, rather than compensatory damages are sought. Plaintiff does not and cannot provide any justification warranting a tenfold increase in the punitive damages requested, other than his belated discovery that his unamended complaint was jurisdictionally defective. See also Arnold v. Troccoli, *supra*.

Accordingly, defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is granted.[2]

So ordered.

---

2. Any other ruling would open the federal courts to a flood of similar litigation. As Judge Herlands concluded in *Dupont Galleries, supra* at 1182:

"If the Court were to accept the present complaint as sufficient to withstand a motion to dismiss for lack of subject matter jurisdiction, the door would be opened for plaintiffs in deceit actions involving non-resident defendants to manufacture the jurisdictional amount through the device of pleading punitive damages and thereby gain unwarranted access to the federal courts."

Cf. Sontz v. Bristol-Meyers Co., 72 Civ. 2051 (S.D.N.Y., July 24, 1972); Webster v. Johnson & Johnson, No. 70–1699–MML (C.D.Cal., Oct. 18, 1971).