■ DAVID CORNELL, Respondent, v. STATE OF NEW YORK, Appellant.— Appeal from an order of the Court of Claims, entered on November 13, 1973, which granted claimant's motion to amend his claim. The amended claim does not recite any new facts or injuries and raises no new causes of action, but contains an increase in the amount of damages claimed and separately states an amount claimed as punitive damages. Upon appeal, the State does not object to the action of the Court of Claims in permitting the amount of damages to be increased but limits its appeal to a contention that so much of the amended *ad damnum* clause as purports to request punitive damages should not have been permitted. The State contends that either punitive damages cannot be awarded against it as the sovereign as a matter of law or that the allegations in the claim are insufficient to establish a basis for punitive damages. The State, in response to the motion to amend before the Court of Claims, did not contend that the facts alleged were insufficient to form a basis for punitive damages. In any event, punitive damages are

merely an element of the single total claim for damages and need not be set forth as a separate cause of action and as such need be neither pleaded nor proven separately. (See *Ferrucci* v. *State of New York*, 42 A D 2d 359, 362; *Knibbs* v. *Wagner*, 14 A D 2d 987; *Gill* v. *Montgomery Ward & Co.*, 284 App. Div. 36, 41.) It is readily apparent that the inclusion of a demand for punitive damages in the claim does not, per se, aggrieve the State and that, accordingly, the issues raised upon this appeal are premature. We, of course, do not reach the merits. Order affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.