**Hugh L. HAMILTON**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY.**

**Civ.A. No. 76–2938.**

United States District Court, E. D. Pennsylvania.

Jan. 20, 1977.

Joseph A. Malloy, Jr., Philadelphia, Pa., for plaintiff.

Donald J. P. Sweeney, Philadelphia, Pa., for defendant.

## MEMORANDUM

GORBEY, District Judge.

Jurisdiction in this case is based upon diversity of citizenship and the allegation that the amount in controversy is in excess of $10,000.

Defendant has filed a motion to dismiss under Rule 12(b)(1) claiming that plaintiff's own allegations in the complaint show that the amount in controversy is only $7,800.

In his first allegation, plaintiff alleges that defendant agreed to pay plaintiff the sum of $50 per week for a period not exceeding 260 weeks for each period of disability, in the event plaintiff became totally disabled. In the fourth allegation, plaintiff alleges that defendant made payment for a period totalling 104 weeks. Therefore, simple mathematics would indicate that the amount in controversy is $7,800, the figure ascertained by multiplying 156 weeks by $50.

In response to the motion, plaintiff calls attention to paragraphs 5, 6 and 7 of the complaint which are the basis for a claim for punitive damages in a sum in excess of $10,000. Accordingly, it is urged that more than the requisite statutory amount is in controversy. Those paragraphs provide:

"5. Despite repeated demands for payment, Defendant has unreasonably, willfully, maliciously and with callous disregard for the Plaintiff and in breach of its contract refused to make any further payment to Plaintiff.

6. Plaintiff has timely and properly made payment of all premiums due under the terms of the policy and has otherwise properly complied with the terms and conditions of the policy of insurance.

7. As a result of Defendant's callous, malicious and bad faith refusal to pay Plaintiff the monies due under the terms of the policy Plaintiff was caused to suffer severe emotional distress."

Defendant insists that the complaint is based upon an insurance contract and that under applicable state law punitive damages are not recoverable, as a general rule in contract actions, including insurance contract actions. Plaintiff, while admitting that he found no Pennsylvania cases on the question, cites two California cases which allegedly have recognized the desirability of punishing insurers by means of punitive damage awards for conduct which amounts to willful deception toward an insured, or which is outrageous and in conscious disregard of the rights of the insured.

The instant case is not the first in which an insurer has refused to pay an insured on the alleged ground that the insured is no longer totally disabled as required by the policy for a continuation of disability benefits. Since multitudinous opportunities to award punitive damages in such cases have not resulted in a judicially declared policy to create an exception to the general rule, there is presented a question whether plaintiff's claim for punitive damages is solely for the purpose of creating jurisdiction in a federal court.

Plaintiff, as an additional reason for his claim to punitive damages, cites a Pennsylvania statute, the Act of May 17, 1921, P.L. 682, Act III, § 347, 40 P.S. § 472 which provides:

"No insurance company, association, or exchange, or any member, officer, director, or attorney-in-fact thereof, or any other person in its behalf, shall issue, circulate, or use, or cause or permit to be issued, circulated, or used, any written or oral statement or circular misrepresenting the terms of any policy issued or to be issued by such company, association, or exchange, or make and estimate, with intent to deceive, of the future dividends payable under any such policy."

From this section of the statute, plaintiff has concluded that it creates a statutory duty not to deceive its insured, and subjects the insurer to potential liability for punitive damages. He cites no Pennsylvania case in support of such conclusion and our own research has produced none.

However, a logical clue to the legislative intention is the statute itself, for in 40 P.S.

§ 475, entitled, *Revocation, et cetera, of certificates of authority; penalty,* it is written:

"Upon satisfactory evidence of the violation of any of sections . . . three hundred forty-seven (347) [40 P.S. § 472] . . . of this act by any insurance company, association, or exchange, its members, officers, directors, or attorney-in-fact, the Insurance Commissioner may, in his discretion, take, against the offending party or parties, any one or more of the following courses of action: (1) Revoke the certificate of authority of such offending company, association, or exchange; (2) refuse, for a period of not to exceed one year thereafter, to issue a new license to such offending company, association, or exchange; (3) impose a penalty of not more than one thousand dollars for each act of violation of said sections.

"Before the Insurance Commissioner shall take any action as above set forth, he shall give written notice to the person, company, association, or exchange accused of violating the law, stating specifically the nature of such alleged violation and fixing a time and place, at least ten (10) days thereafter, when a hearing of the matter shall be held. After such hearing or upon failure of the accused to appear at such hearing, the Insurance Commissioner shall impose such of the above penalties as he deems advisable. When the Insurance Commissioner shall have taken any action as above set forth, the party aggrieved may appeal to the court of common pleas of Dauphin County. Any insurance company, or the officers, directors, members, or attorney-in-fact of any insurance company, association, or exchange, or any other person, violating the provisions of any of the aforesaid sections, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine of not more than five hundred dollars ($500.00) for each and every violation, or to imprisonment in the jail of the county in which the offense is committed for a period of not more than six (6) months, or both."

■ It is, therefore, perfectly obvious that there is no statutory basis under the aforementioned sections of the Insurance Code of Pennsylvania for a claim by an insured for punitive damages.

■ Judicial authority establishes the proposition that "in computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Zahn v. International Paper Company,* 469 F.2d 1033, 1034 n. 1 (2d Cir. 1972). Also, the court's discretion may be exercised on the basis of the pleadings and the burden is on the plaintiff to satisfy the court that the jurisdictional amount is really substantially involved. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 188–189, 56 S.Ct. 780, 784–785, 80 L.Ed. 1135 (1936).

■ While the amount claimed by the plaintiff in a diversity action controls if the claim is apparently made in good faith (*St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)), it is not made in good faith, if it appears colorable, that is, without basis in the facts alleged and made solely for the purpose of obtaining federal jurisdiction. *Arnold v. Torccoli,* 344 F.2d 842 (2d Cir. 1965).

The burden is on the plaintiff to satisfy the court that the jurisdictional amount is really and substantially involved. *McNutt v. General Motors Acceptance Corp., supra.* The court concludes that plaintiff has not met that burden.

■ Accordingly, defendant's motion to dismiss the complaint for lack of subject matter jurisdiction must be granted. *DuPont Galleries, Inc. v. International Magne-Tape, Ltd.,* 300 F.Supp. 1179, 1182 (S.D.N.Y. 1969); *Fritz v. Warner-Lambert Pharmaceutical Company,* 349 F.Supp. 1250 (E.D.N.Y.1972).