■ LOLA WYLIE, Respondent, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendants.—In an action to recover damages, *inter alia,* for false imprisonment, battery and negligence, the appeal is from an order of the Supreme Court, Suffolk County, dated June 14, 1978, which granted plaintiff's motion to amend her complaint to include a claim for punitive

damages. Order affirmed, with $50 costs and disbursements. The original complaint alleged that plaintiff was the victim of sundry "malicious" intentional acts perpetrated by defendants, and demanded monetary relief, but did not specify whether that relief demanded was for compensatory or punitive damages. Plaintiff sought to amend the complaint nearly six years after commencement of the action to specify that judgment was demanded "for compensatory and punitive damages". Special Term granted plaintiff's motion. "The policy of our courts is to liberally permit amendments of pleadings unless the rights of a party are substantially prejudiced" (*Sheldon Elec. Co. v Oriental Blvd. Corp.,* 56 AD2d 886, 887). Since the original complaint alleged malice, which could entitle plaintiff to punitive damages (see *Walker v Sheldon,* 10 NY2d 401), the appellants' claim of surprise, and of prejudice resulting therefrom, is without merit. Furthermore, the appellant County of Suffolk contends that punitive damages cannot be assessed against a municipality, both on the facts of this case and as a matter of law. However, these contentions are raised prematurely (see *Cornell v State of New York,* 46 AD2d 702). We leave the question of whether defendants should be granted leave to present additional defenses and to conduct further discovery to the discretion of the court where the action is pending. Latham, J. P., Titone, Margett and Hawkins, JJ., concur.