■ JOSEPH MCLAUGHLIN, as Executor of EMANUEL A. MORSE, Deceased, Appellant, v AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about October 19, 1990, which granted defendant's motion to dismiss the second and third causes of action of plaintiff's amended complaint, seeking compensatory and punitive damages for defendant's alleged bad faith refusal to honor decedent's life insurance policy, and treble damages under the Federal RICO statute, respectively, unanimously affirmed, without costs.

The action seeks to recover on a life insurance policy that defendant insurer is refusing to honor because it believes that decedent misrepresented the state of his health on his application for insurance. The IAS court properly dismissed the

causes of action for punitive damages and treble damages for an alleged RICO violation. Punitive damages may not be recovered where, as here, plaintiff fails to allege sufficient facts to support a finding of "wanton dishonesty as to imply a criminal indifference to civil obligations" *(Walker v Sheldon,* 10 NY2d 401, 405). Our decision in *Botway v American Intl. Assur. Co.* (151 AD2d 288) does not compel a different result. In that case, the same insurer refused to honor a policy where decedent had failed to reveal a history of drug use and treatment in answer to the same two questions that were answered in the negative by decedent herein. We held that whether the insured had misrepresented his medical history was "a serious triable issue" raised in good faith by the insurer, and dismissed the claim for punitive damages on the ground that the requisite showing of " 'wanton dishonesty' " was lacking *(supra,* at 290). The fact that defendant here refused to honor a similar policy for similar reasons does not suffice to establish such a showing.

Concerning the cause of action alleging a violation of the RICO statute, plaintiff's citation of two instances in which defendant refused to pay the proceeds of a policy (this case and *Botway v American Intl. Assur. Co., supra)* is insufficient to establish the pattern of fraudulent conduct to constitute a statutory violation *(H. J. Inc. v Northwestern Bell Tel. Co.,* 492 US 229). Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.