■ PHILIP SEYNAEVE, Respondent, v HUDSON MOVING AND STORAGE, INC., Appellant. [690 NYS2d 16] —Order, Supreme Court, New York County (Emily Goodman, J.), entered June 29, 1998, denying defendant's motion to dismiss those portions of the amended complaint which demanded punitive damages, unanimously reversed, on the law, with costs and disbursements, and the motion granted.

Plaintiff contracted with defendant, a professional storage company, to store approximately 15 boxes of plaintiff's personal property. Defendant failed to return the boxes upon plaintiff's demand. Plaintiff commenced this action seeking $235,717 in compensatory damages as well as $500,000 in punitive damages based on conversion and gross negligence. Defendant successfully moved to dismiss the complaint insofar as it demanded punitive damages. Plaintiff, however, was granted leave to serve an amended complaint and did so, again seeking punitive damages for conversion and gross negligence. The amended complaint alleged that defendant's failure to "establish, or to properly implement or carry out, any systems for preventing the conversion of its customer's property constitutes reckless and wilful disregard of its duty as a storage facility entrusted with the public's goods". Defendant again moved to dismiss the punitive damage claims as repleaded in the amended complaint. The motion court denied the motion, finding that plaintiff's assertions of defendant's failure to establish tracking systems for segregating its customers' goods sufficiently pleaded the requisite allegations of recklessness and conscious disregard of plaintiff's rights to sustain a claim for punitive damages, the imposition and assessment of which were for the trier of fact.

In this garden variety bailment case, there is no basis for an award of punitive damages. The failings complained of in the amended complaint fall far short of the egregious and willful conduct necessary to support such a claim. As the Court of Ap-

peals held in *Rocanova v Equitable Life Assur. Socy.* (83 NY2d 603), the alleged conduct must be (1) egregious, (2) directed at the plaintiff and (3) part of a pattern of similar conduct directed at the public at large. Punitive damages may be recovered in cases where a defendant's conduct "is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter [it] as well as others who might otherwise be so prompted, from induling in similar conduct in the future." (*Walker v Sheldon*, 10 NY2d 401, 404.) Giving plaintiff the benefit of every favorable inference in this, its second attempt at pleading a punitive damage claim, we find that the behavior alleged does not rise to the level necessary to support such a claim. Defendant's conduct was neither willful nor intentional, nor do the conclusory allegations in the amended complaint make it so. Those portions of the second and fourth causes of action as well as those in the ad damnum clause which seek punitive damages are accordingly dismissed. Concur—Sullivan, J. P., Lerner, Andrias and Saxe, JJ.