■ NATIONAL BROADCASTING COMPANY, INC., Respondent, v FIRE CRAFT SERVICES, INC., et al., Defendants, and JOHN GALLIN & SON, INC., Appellant. [731 NYS2d 722] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about October 12, 2000, which, *inter alia*, denied the motion of defendant-appellant John Gallin & Son, Inc. seeking, *inter alia*, dismissal of plaintiff's claim for punitive damages, and granted plaintiff's cross motion for leave to serve a second amended complaint alleging, *inter alia*, a separate cause of action for punitive damages, unanimously modified, on the law, to grant defendant-appellant's motion insofar as to strike those portions of the second amended complaint seeking punitive damages as against it, and otherwise affirmed, without costs.

This action arises out of property damage to plaintiff's premises as a result of fire caused by electrical failure, which occurred while defendant-appellant's subcontractor was performing construction work in the premises' elevators. Because dust produced by said subcontractor's drilling was capable of triggering the fire alarm system, the system was disabled by the company responsible for servicing it. Plaintiff alleges causes of action in contract and tort stemming from defendant-appellant's alleged failure to provide a fire watch for the period during which the alarm system was disabled.

Plaintiff's second amended complaint demands punitive damages against defendant-appellant for its negligent performance of the parties' contract. However, an award of punitive damages must be premised on conduct particularly egregious in

nature directed both at the plaintiff and the general public (*see, Rocanova v Equitable Life Ins. Socy.*, 83 NY2d 603), and it is plain that defendant-appellant's conduct, as alleged, negligent though it may have been, falls well short of this standard (*see, Seynaeve v Hudson Moving & Stor.*, 261 AD2d 168). Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Buckley, JJ.